UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY
CO.,
                                           Docket No.:
                                           CV 11-0410 (CBA)
                          Plaintiffs,
          -against-

EDOVARD J. HAZEL, M.D., et al.

                          Defendants.
------------------------------------------X

## ORDER AND PERMANENT INJUNCTION

**WHEREAS**, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") commenced this action against,, among others, Eastchester Precision Medical, P.C. ("Eastchester"); and

**WHEREAS**, Dr. Albert Ciancimino has represented himself to be the sole owner of record of Eastchester; and

**WHEREAS**, the Plaintiffs and Eastchester have reached a global resolution of all issues between them, including all causes of action and claims for relief against Eastchester in this action, upon the terms set forth in this Order and Permanent Injunction; and

**WHEREAS**, in order to effectuate the terms of the global resolution, Plaintiffs and Eastchester have consented to the entry of this order and permanent injunction;

**NOW THEREFORE**, upon the stipulation of the Parties, it is hereby

**ORDERED** that the clerk of the court shall enter judgment in favor of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance

Company and GEICO Casualty Co. and against Defendant, Eastchester Precision Medical, P.C. in the amount of Five Hundred Fifty Thousand ($550,000.00) Dollars; and

**IT IS FURTHER ORDERED** that pending the entry of judgment and satisfaction thereon:

(a) all assets of Eastchester Precision Medical, P.C. up to the amount of Five Hundred Fifty Thousand ($550,000.00) Dollars, are hereby attached in favor of and for the benefit of GEICO, including but not limited to (i) real property, bank accounts, brokerage accounts, debts, accounts receivable, cash, stocks, bonds, motor vehicles, and boats; (ii) any monies held by any bank and/or financial institution in the name of Eastchester Precision Medical, P.C., (iii) any monies held by any attorney on behalf of or for the benefit of Eastchester Precision Medical, P.C., and (iv) any monies that are or may in the future be due and owing to Eastchester Precision Medical, P.C. or collected by Eastchester Precision Medical, P.C. as a result of any collection arbitrations/lawsuits (hereinafter "collection cases") pursued on behalf of Eastchester Precision Medical, P.C. against any insurers other than GEICO; and

(b) Eastchester Precision Medical, P.C., its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, including but not limited to all attorneys, banks, brokerage firms, and other entities, and any and all of their branch offices, subsidiaries, and affiliates, which are in possession of property in which Eastchester Precision Medical, P.C. has an interest or which owe debts to Eastchester Precision Medical, P.C., shall be enjoined and restrained from transferring, encumbering, dissipating, or wasting any such assets; and it is further

**ORDERED** that Dr. Ciancimino and Eastchester, as well as any entity, attorney or individual purporting to represent or to act on behalf of Eastchester are permanently enjoined and

restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through Eastchester; and it is further

**ORDERED**, that Dr. Ciancimino and Eastchester, as well as any entity, attorney or individual purporting to represent or to act on behalf of Eastchester shall, within 30 days from the date of receipt of this Order, (i) execute a stipulation of discontinuance with prejudice in any pending lawsuit against GEICO and return the stipulation of discontinuance to the Law Offices of Teresa Spina, staff counsel for GEICO, and (ii) withdraw, with prejudice, any pending arbitration against GEICO and notify the American Arbitration Association of such withdrawal; and its is further

**ORDERED** that the American Arbitration Association is permanently enjoined and restrained from (i) accepting the filing of any arbitration demand seeking payment from GEICO by or on behalf of Eastchester, or (ii) issuing any awards involving arbitrations between Eastchester and GEICO; and it is further

**ORDERED**, that Dr. Ciancimino and Eastchester, at their own cost and expense, shall assist and cooperate with GEICO's efforts to enforce the terms of the Permanent Injunction by (i) issuing letters directing collection counsel to discontinue/withdraw all arbitrations and litigation against GEICO, with prejudice, which shall be sent immediately following the approval of the Permanent Injunction; and (ii) sending letters to any other lawyer or law firm in the future identified by GEICO as prosecuting lawsuits/arbitrations against GEICO on of behalf of Eastchester in violation of the Permanent Injunction, directing that the lawyer or law firm discontinue/withdraw the arbitrations/ against GEICO, with prejudice.

**SO ORDERED:**

s/CBA
―――――――――――――
Carol B. Amon, U.S.D.J.

Dated: 4/24/12