UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE　　　　　　　　JUDGMENT
CO., GEICO INDEMNITY CO., GEICO GENERAL　　　　11-CV- 0410 (CBA)
INSURANCE COMPANY and GEICO CASUALTY
CO.,
　　　　　　　　　　Plaintiffs,

　　　　　　　-against-

EDOVARD J. HAZEL, M.D., EASCHESTER
PRECISION MEDICAL, P.C., PRECISION OFFICE
MANAGEMENT, INC., RUSLAN ERLIKH, IGOR
ERLIKH, and JOHN DOE ONE THROUGH JOHN DOE
FIVE,

　　　　　　　　　　Defendants.
-----------------------------------------------------------------------X

　　　　An Order of Honorable Carol Bagley Amon, United States District Judge, having been filed on April 24, 2012, directing the Clerk of Court to enter judgment in favor of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. and against Defendant, Eastchester Medical, P.C. in the amount of Five Hundred Fifty Thousand ($550,000.00) Dollars; it is hereby,

　　　　ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered in favor of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. and against Defendant, Eastchester Medical, P.C. in the amount of Five Hundred Fifty Thousand ($550,000.00) Dollars; and that it is further,

<u>JUDGMENT 11-CV-0410 (CBA)</u>

ORDERED, ADJUDGED AND DECREED that pending the entry of judgment and satisfaction thereon:

(a) all assets of Defendant Eastchester Precision Medical, P.C. up to the amount of Five Hundred Fifty Thousand ($550,000.00) Dollars, are hereby attached in favor of and for the benefit of GEICO, including but not limited to (i) real property, bank accounts, brokerage accounts, debts, accounts receivable, cash, stocks, bonds, motor vehicles, and boats; (ii) any monies held by any bank and/or financial institution in the name of Defendant Eastchester Precision Medical, P.C., (iii) any monies held by any attorney on behalf of or for the benefit of Defendant Eastchester Precision Medical, P.C., and (iv) any monies that are or may in the future be due and owing to Defendant Eastchester Precision Medical, P.C., or collected by Defendant Eastchester Precision Medical, P.C., as a result of any collection arbitration/lawsuits (hereinafter"collection cases") pursued on behalf of Defendant Eastchester Precision Medical, P.C. against any insurers other than GEICO; and

(b) Defendant Eastchester Precision Medical, P.C., its agents servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, including but not limited to all attorneys, banks, brokerage firms, and other entities, and any and all of their branch offices, subsidiaries, and affiliates, which are in possession of property in which Defendant Eastchester Precision Medical, P.C. has an interest or which owe debts to Defendant Eastchester Precision Medical, P.C., shall be enjoined and restrained from transferring, encumbering, dissipating, or wasting any such assets; and that it is further,

JUDGMENT 11-CV-0410 (CBA)

ORDERED, ADJUDGED AND DECREED that Dr. Albert Ciancimino and Defendant Eastchester Precision Medical, P.C., as well as any entity, attorney or individual purporting to represent o r to act on behalf of Defendant Eastchester Precision Medical, P.C., are permanently enjoined from and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through Defendant Eastchester Precision Medical, P.C.; and that it is further,

ORDERED, ADJUDGED AND DECREED that Dr. Albert Ciancimino and Defendant Eastchester Precision Medical, P.C., as well as any entity, attorney or individual purporting to represent or to act on behalf of Defendant Eastchester Precision Medical, P.C., shall, within 30 days from the date of receipt of this Judgment, (i) execute a stipulation of discontinuance with prejudice in any pending lawsuit against GEICO and return the stipulation of discontinuance to the Law Offices of Teresa Spina, staff counsel for GEICO, and (ii) withdraw, with prejudice, any pending arbitration against GEICO and notify the American Arbitration Association of such withdrawal; and that it is further,

ORDERED, ADJUDGED AND DECREED that the American Arbitration Association is permanently enjoined and restrained from (i) accepting the filing of any arbitration demand seeking payment from GEICO by or on behalf of Defendant Eastchester Precision Medical, P.C., or (ii) issuing any awards involving arbitrations between Defendant Eastchester Precision Medical, P.C., and GEICO; and that it is further,

<u>JUDGMENT 11-CV- 0410 (CBA)</u>

ORDERED, ADJUDGED AND DECREED that Dr. Albert Ciancimino and Defendant Eastchester Precision Medical, P.C., at their own cost and expense, shall assist and cooperate with GEICO's efforts to enforce the terms of the Permanent Injunction by (i) issuing letters directing collection counsel to discontinue/withdraw all arbitrations and litigation against GEICO, with prejudice, which shall be sent immediately following the approval of the Permanent Injunction; and (ii) sending letters to an other lawyer or law firm in the future identified by GEICO as prosecuting lawsuits/arbitrations against GEICO on behalf of Defendant Eastchester Precision Medical, P.C., in violation of the Permanent Injunction, directing that the lawyer or law firm discontinue/withdraw the arbitrations/against GEICO, with prejudice.

Dated: Brooklyn, New York
      April 25, 2012

                              Douglas C. Palmer
                              Clerk of Court

by:     s/MG
                              Michele Gapinski
                              Chief Deputy for
                              Court Operations