

WWW.RIVKINRADLER.

BARRY I. LEVY
PARTNER
(516) 357-3149
barry.levy@rivkin.com

May 7, 2012

**By ECF**
Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Government Employees Insurance Co., et al v. Edovard J. Hazel, M.D., et al.**
      **Docket No. CV 11-0410 (CBA)(RML)**

Dear Judge Levy:

As Your Honor is aware, we are counsel to the Plaintiff, Government Employees Insurance Company ("GEICO" or "Plaintiff") in this matter.

I write on behalf of GEICO to (i) advise the Court that the defendants, Ruslan Erlikh ("Ruslan"), Igor Erlikh ("Igor") and Precision Office Management, Inc. ("Precision") (collectively the "Management Defendants"), have disregarded Your Honor's Order requiring they obtain new counsel within thirty days, and (ii) requesting a pre-motion conference in compliance with Your Honor's Individual Rules prior to Plaintiff making a motion pursuant to Fed. R. Civ. Proc. 37(b)(2) seeking an order striking the Answers of the Management Defendants and entering a default.

On March 27, 2012, Your Honor issued an order staying discovery for thirty days so that the Management Defendants can obtain new counsel. (See Docket Entry 3/27/12). The Management Defendants have failed to do so. This comes as no surprise as the Management Defendants have engaged in a well conceived course of conduct over the past eleven months in an effort to frustrate GEICO and its prosecution of this matter. (See Docket No. 46).

The conduct of the Management Defendants and its prior counsel is well documented in the record in this case. The most recent series of events is just another example of conduct that is both designed and intended to frustrate GEICO's prosecution of this action. Despite the Court's directive, the Management Defendants continue to evince a total disregard for the Court and GEICO. Given the history of this case, it is now clear that the Management Defendants have no intention of complying

926 RXR Plaza
Uniondale, NY
11556-0926
Tel: 516.357.3000
Fax: 516.357.3333

555 Madison Avenue
New York, NY
10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

21 Main Street • Court Plaza South
West Wing • Suite 158
Hackensack, NJ 07601-7021
Tel: 201.287.2460
Fax: 201.489.0495



Honorable Robert M. Levy
May 7, 2012
Page 2

with any court order, and that the sanction of striking their pleadings and entering a default is warranted. Anything short of that sanction would reward the Management Defendants for their behavior.

The Management Defendants' history of blatanly disregarding their obligations has been shown to be part of a pattern of conduct intended to improperly conceal information and prejudice GEICO's prosecution, in bad faith. "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to adjudication on the merits, severe sanctions are appropriate." Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) (affirming sanction of preclusion against one defendant and deeming issue established according to plaintiffs' claims.)  See also Teri v. Oxford Mgmt. Servs., 2009 U.S. Dist. LEXIS 107807 (E.D.N.Y. Nov. 18, 2009) (adopting Magistrate's recommendation that defendants' answers be stricken and a default judgment entered.)

Accordingly, GEICO requests a pre-motion conference so that Plaintiff has the opportunity to seek a Court order striking the Answers of the Management Defendants and entering defaults against them. In addition, GEICO requests reimbursement of counsel fees and costs pursuant to Rule 37(b)(2)(C).

The Court's attention to this application is appreciated.

Respectfully submitted,

RIVKIN RADLER LLP

Barry I. Levy

cc: All counsel via ECF

Igor Erlikh (by mail)
Ruslan Erlikh (by mail)
Precision Office Management, Inc. (by mail)

2612877 v1