# ORIGINAL



Hon. Carol B. Amon
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:   Government Employees Insurance Co., et al, v. Edovard J. Hazel, M.D., et al.

          Docket No. CV 11-0410 (CBA) (RML)

Your Honor:

    I am one of the defendants named in this case, along with my son Ruslan Erlikh and our company Precision Office Management, Inc. As your honor is aware, on March 28, 2012, our attorneys were relieved as counsel owing to conflicts of interest. The case was stayed for 30 days to allow us to obtain new counsel. To date we have not been able to find new counsel.

    There are a limited number of attorneys familiar with the subject matter of this action, which is very industry-specific. It is a civil RICO case based on alleged improper conduct of a medical practice. As this court knows, there are a large number of these types of suits being brought by no-fault insurance carriers, and a small number of qualified attorneys able to adequately defend such claims. Many of those that are qualified are reluctant to represent anyone against GEICO or other carriers, who are exerting a lot of economic and other pressure on such firms. Attorneys who have represented defendants in these cases are now being named as defendants themselves. In fact, two of my former attorneys, Matthew Conroy and Maria Diglio are now being sued as defendants in a similar case, by Allstate. In addition, my former counsel have now been subpoenaed as non-party witnesses in this case, as have attorneys who have done collection work for the medical practice that Precision managed. Things like that are making attorneys hesitant to oppose the insurance companies who have indicated a willingness to devote huge sums of money to eradicating no-fault practitioners and their managers.

    There is a lot at stake for my son and myself here. We are continuing to try to find new attorneys but have not yet been able to find one. I am writing to ask the court for additional time for a stay so that we can find adequate counsel. It would be unfair to require us to proceed through discovery without the benefit of counsel, which is what is about to happen if the court does not give us an additional stay. I have been subpoenaed for a deposition by GEICO on June 1. It would be unfair and prejudicial to require me to proceed to that deposition an attorney.

    Geico has also requested permission to file a motion to strike our answers and

then, I expect, to take a default judgment against us. Again, without counsel to protect our rights, we face serious prejudicial harm. I am asking for an additional 60 days stay of this matter, including but not limited to all discovery. Thank you for your time.

Very truly yours,

*[signature]*

Igor Erlikh

6910 Ave U Apt 2S
Brooklyn NY 11235
718-419-4468
Email Igor.Erlikh@gmail.com

Please be advised copys were mailed to Pluntiff Attorney