

WWW.RIVKINRADLER.COM

**BARRY I. LEVY**
PARTNER
(516) 357-3149
barry.levy@rivkin.com

May 31, 2012

**VIA ECF**
Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Government Employees Ins. Co., et al. v. Hazel, et al.
          Docket No. CV 11-0410 (CBA)(RML)
          RR File No.: 005100-00029

Dear Judge Amon:

As the Court is aware, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") in this matter. On May 30, 2012, Defendants Igor Erlikh, Ruslan Erlikh, and Precision Office Management, Inc. (collectively the "Management Defendants") wrote to the Court and requested a 60-day stay of proceedings in this action, purportedly so that they can have sufficient time to obtain new counsel. See Docket No. 56. For the reasons set forth below, Plaintiffs oppose the Management Defendants' request, which is simply the latest in a long line of dilatory tactics designed to stave off the ultimate unraveling of their fraudulent scheme.

As a preliminary matter, it is worthwhile to briefly recount the relevant procedural history of this case. This action was commenced on January 27, 2011, and the Management Defendants were duly served with the Summons and Complaint in January and February 2011. See Docket Nos. 1, 4, 6, 14. The Management Defendants initially sought to delay this action by filing an involuntary bankruptcy petition against their erstwhile co-Defendant, Eastchester Precision Medical, P.C. ("Eastchester"), which they contended effected an automatic stay of these proceedings. See Docket No. 23. After Plaintiffs pointed out that the automatic stay applied only to Eastchester, and not to the Management Defendants, the Court stayed this action as to Eastchester, but not as to the Management Defendants. See Docket No. 24; June 1, 2011 Docket Entry.

The Management Defendants next sought to delay this action by failing to respond to Plaintiffs' Complaint. The Management Defendants did not answer Plaintiffs' Complaint until June 17, 2011, immediately after Plaintiffs moved for entry of their respective defaults. See Docket Nos. 27-30.

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000
F 516.357.3333

555 Madison Avenue
New York, NY  10022-3338
T 212.455.9555
F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460
F 201.489.0495



Honorable Carol Bagley Amon
May 31, 2012
Page 2

On February 6, 2012, the Management Defendants' involuntary bankruptcy petition against Eastchester was dismissed. On March 22, 2012, the Court held an initial conference and set a discovery schedule. See March 22, 2012 Docket Entry.

One day later, on March 23, 2012, the Management Defendants' counsel – the law firm of Blodnick, Conroy, Fazio & Diglio, P.C. – moved to withdraw, citing a conflict of interest. See Docket No. 41. On March 27, 2012, the Court granted the motion to withdraw, and stayed discovery in this action for 30 days to permit the Management Defendants to obtain new counsel. See March 27, 2012 Docket Entry.

Even so, in their most recent attempt to delay this action, the Management Defendants did not obtain new counsel within 30 days. Therefore, on May 7, 2012, Plaintiffs requested a pre-motion conference in advance of a proposed motion to strike the Management Defendants' Answer and enter their respective defaults. See Docket No. 53. Although Plaintiffs provided the Management Defendants with notice of their request for a pre-motion conference, the Management Defendants did not appear by new counsel or respond in any manner whatsoever to Plaintiffs' May 7th letter.

Thereafter, by letter dated May 30, 2012, Plaintiffs reiterated their request for a pre-motion conference in advance of a proposed motion to strike the Management Defendants' Answer and enter their respective defaults. See Docket No. 55. Once again, Plaintiffs provided the Management Defendants with notice of their request, via regular mail.

This time, the Management Defendants responded to Plaintiffs' request, with their May 30, 2012 letter.[1] See Docket No. 56. In their May 30th letter, the Management Defendants contend – in conclusory fashion – that they have been unable to locate new counsel during the more than two months that has elapsed since the Court directed them to obtain new counsel within 30 days. The Management Defendants predicate their inability to locate new counsel on the preposterous claim that there is only a small number of attorneys who can defend against the RICO and common law claims that Plaintiffs assert in the present case, and "[m]any of those that are qualified are reluctant to represent anyone against GEICO or other carriers, who are exerting a lot of economic

---

[1] In this context, it is worthwhile to note that the Management Defendants responded to Plaintiffs' May 30, 2012 letter on the same date when it was posted to the Court's ECF system, but before they would have received the copy that Plaintiffs' counsel sent to them via regular mail. It therefore appears that the Management Defendants – despite their putative lack of counsel – are closely monitoring PACER in an attempt to ensure that their ongoing attempts to delay this action do not result in a default judgment against them.



Honorable Carol Bagley Amon
May 31, 2012
Page 3

and other pressure on such firms." Based on these conclusory – and, in this economy, counterintuitive – contentions, the Management Defendants ask the Court for an additional 60 day stay of this action.[2]

In this context, it is well-settled that a party seeking a stay bears the burden of demonstrating good cause for the request. See, e.g., Alford v. City of New York, 2012 U.S. Dist. LEXIS 37876 at * 2 - * 3 (E.D.N.Y. 2012). The Management Defendants have altogether failed to meet this burden. While they contend, in conclusory fashion, that they have been unable to locate new counsel because defense attorneys supposedly are so afraid of Plaintiffs that they will not accept the Management Defendants' case, they do not identify a single attorney or law firm that declined their request for representation. Nor do they identify a single attorney or law firm that they approached. Though the Management Defendants contend that this action is so complex as to confound most ordinary defense attorneys, requiring an extensive search for a specialized practitioner, it is difficult to see how the RICO and common law claims in this action could be beyond the abilities of any of the hundreds if not thousands of defense attorneys in the metropolitan New York City area. And, in any case, the vague and conclusory nature of the Management Defendants' May 30th letter suggests that they have not contacted any defense attorneys at all.

Nor do Igor Erlikh or Ruslan Erlikh identify a single discovery or procedural issue that is beyond their ken as pro se defendants and – indeed – it seems clear that the Management Defendants have been monitoring PACER in an attempt to ensure that their dilatory tactics do not result in default judgments against them.

Accordingly, Plaintiffs oppose the Management Defendants' request to further delay this long-pending action. To the extent that the Court entertains the Management Defendants' application, Plaintiffs respectfully request that the Management Defendants be required to identify – by name, date of contact, date of response, and nature of response – each attorney whom they have contacted since the Court's March 27th Order directing them to obtain new counsel within 30 days.

---

[2] In an attempt to buttress the Management Defendants' conclusory contentions, Igor Erlikh contends that he has been subpoenaed for a deposition on June 1, 2012, and argues that he will be prejudiced if he is required to proceed in that deposition without an attorney. This is a completely frivolous argument. First, the deposition is a post-judgment deposition with respect to Eastchester's assets, not a deposition with respect to Plaintiffs' claims against the Management Defendants. Second, the Management Defendants have not adduced an iota of support for their conclusory contention that they have been unable to locate counsel.



Honorable Carol Bagley Amon
May 31, 2012
Page 4


We appreciate the Court's attention to this matter.

                                      Very truly yours,

                                      RIVKIN RADLER LLP

                                      */s/ Barry Levy*

                                      Barry I. Levy (BL 2190)


cc:    All counsel via ECF

        Igor Erlikh (by mail)
        Ruslan Erlikh (by mail)
        Precision Office Management, Inc. (by mail)