

WWW.RIVKINRADLER.COM

**BARRY I. LEVY**
PARTNER
(516) 357-3149
barry.levy@rivkin.com

August 8, 2012

**By ECF**
Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Government Employees Insurance Co., et al v. Edovard J. Hazel, M.D., et al.
        Docket No. CV 11-0410 (CBA)(RML)
        **Our File No: 005100-00029**

Dear Judge Levy:

As Your Honor is aware, we are counsel to the Plaintiffs in this matter.

I write to address the Court's August 1, 2012 corrected Order in which Your Honor stated, "Precision and the Erlikhs are parties and, as a result, have not been served with subpoenas." (See Docket Entry, 8/1/12).

During the August 1, 2012 conference, Plaintiffs explicitly outlined the steps taken in serving subpoenas on Precision Office Management, Inc. ("Precision") and Igor Erlikh ("Igor"), both of whom have ignored the subpoenas. We reiterated to Your Honor that the subpoenas were served in relation to the April 26, 2012 judgment and order of attachment entered against Eastchester Precision Medical, PC. (See Docket No. 52). The subpoenas did not seek any formal discovery with respect to the allegations made in the Complaint, and therefore Rule 30 notices of depositions were not served.

Courts have "observed that is not improper to subpoena a party." 9 Moore's Federal Practice § 45.02[4][a] (4th ed. 2011). See, e.g., First City, Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002) ("While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action (whereas Rules 26-37 provide simpler means for obtaining the same from a party), nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties."); Burns v. Bank



Honorable Robert M. Levy
August 8, 2012
Page 2

---

of America, 2007 WL 1589437, *14 (S.D.N.Y. 2007) (Rule 45 "does not, by its terms, prohibit the service of subpoenas upon parties to an action."); Booth Oil Site Admin. Group v. Booth, 2008 U.S. Dist. LEXIS 17921, *3 (W.D.N.Y. 2008) (same).  See also Badman v. Stark, 139 F.R.D. 601, 603 (E.D. Pa. 1991) (noting that "a subpoena under Rule 45 may be served upon both party and non-party witnesses").

In addition, "[d]iscovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure" and depositions and subpoenas are proper tools in post-judgment proceedings. First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002).

Significantly, the subpoena and documents sought from Precision and Igor sought post-judgment discovery unrelated to the allegations set forth in the Complaint in this matter.

As such, we respectfully request the Court modify the August 1, 2012 Order, and enforce the subpoenas issued against Precision and Igor.

The Court's attention to this application is appreciated.

    Respectfully submitted,

    RIVKIN RADLER LLP

    *Barry I. Levy*

    Barry I. Levy

BIL/lg

cc:    All counsel via ECF

    Igor Erlikh (by mail)
    Ruslan Erlikh (by mail)

2641636 v1