

WWW.RIVKINRADLER.COM

**BARRY I. LEVY**
PARTNER
(516) 357-3149
barry.levy@rivkin.com

September 27, 2012

**By ECF**
Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   **Government Employees Ins. Co., et al. v. Hazel, et al.**
            **Docket No. CV 11-0410 (CBA)(VMS)**
            **Our File No.: 005100-00029**

Dear Magistrate-Judge Scanlon:

I write on behalf of Plaintiffs in reply to Precision Office Management, Inc.'s ("Precision") opposition to Plaintiffs' motion to strike. (See Docket No. 70).

First, Ms. McCann does not represent defendants Ruslan Erlikh and Igor Erlikh. She is counsel to Precison only. Ruslan and Igor Erlikh have elected to proceed in this matter pro-se, and Precision lacks standing to respond to our motion to strike on behalf of Ruslan Erlikh or Igor Erlikh. To date, neither of the Erlikhs have responded to Plaintiffs' motion to strike, in violation of Your Honor's Minute Entry Order dated September 19, 2012.

Second, even if Precision did have standing to respond to the motion to strike, Ms. McCann's letter does not substantively address Plaintiffs' motion. Instead, it spends an inordinate amount of time attempting to explain Precision's inability to provide documents responsive to Plaintiff's Subpoena in relation to the Judgment issued by Judge Amon on April 26, 2012. Ms. McCann's letter is completely irrelevant to the matter at hand. In fact, a cursory review of Plaintiffs' motion to strike Precision, Ruslan and Igor Erlikh's ("Management Defendants") answers reveals that Plaintiffs are moving solely on the ground that the Management Defendants failed to provide automatic disclosures as required by Judge Levy. (See Docket No. 68 and Minute Entry Order 8/1/12). Plaintiffs are not moving to compel or strike

926 RXR Plaza
Uniondale, NY 11556
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601
T 201.287.2460
F 201.489.0495



Honorable Vera M. Scanlon
September 27, 2012
Page 2

---

because of the Management Defendants' failure to provide the documents detailed in Ms. McCann's opposition.

What is clear is that the Management Defendants have failed to provide automatic disclosures as required by Judge Levy. Indeed, even with Plaintiff's motion to strike pending, the Management Defendants still have failed to comply with Judge Levy's Order to provide automatic disclosures.

Thus, in light of the Management Defendants' failure to comply with the Court's August 1, 2012 Order and their disregard of our follow up attempts to procure compliance, Plaintiffs respectfully request an Order, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and the Court's inherent power, striking their respective answers. See United States Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954 (2d Cir. 1982); Murphy v. Snyder, 2011 U.S. Dist. LEXIS 107400 (E.D.N.Y. 2011); see also Integrity Elecs., Inc. v. Garden State Distribs., 2012 U.S. Dist. LEXIS 43224 (E.D.N.Y. 2012).

The Court's attention to this letter application is appreciated.

Respectfully submitted,

RIVKIN RADLER LLP

*Barry I. Levy*

Barry I. Levy

cc: All counsel via ECF
Ruslan Erlikh (via Regular Mail)
Igor Erlikh (via Regular Mail)