Law Offices of Susan N. Persaud, PLLC
220 Old Country Road, 2nd FL
Mineola, New York 11501
516-414-4911
Spersaud.law@myjusticeny.us

---

September 27,2012

Honorable Vera M. Scanlon
United States District Court
Eastern District ofNew York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Government Employees Ins. Co.. et al. v. Hazel, et al. CV 11-0410 (CBA)(VMS)

Dear Magistrate Judge Scanlon:

  There has never been any allegation that Ms. McCann or I represent the individual defendants, Ruslan Erlikh and Igor Erlikh. However, we do represent the corporate management defendant, Precision Office Management, whose answer Mr. Levy also seeks to strike. Since Mr. Levy listed Precision Office Management in the list of those whose answer he seeks to strike, I clearly have standing to address the issue.

  While it appears that a written list of automatic disclosures was not sent previously to Mr. Levy, it was clearly just an oversight as all other information and communications have been promptly answered. (Automatic disclosure document is attached as Exhibit 1.) Furthermore, the facts that Precision Office Management only has one relevant witness: Igor Erlikh, and the fact that we have no relevant documents have been communicated to Plaintiff's counsel countless times.

  Moreover, the mistake hardly affected Plaintiff's ability proceed in the case. On Friday, September 21, 2012, Plaintiff's counsel just finished deposing the only relevant witness for the management defendants, Igor Erlikh, where Mr. Levy was again told that there are no other individuals who have knowledge or would likely have knowledge of documents. The automatic disclose that Mr. Levy sought is financial and/or billing documents, and witnesses thereto. Precision Office Management has only one owner, Igor Erlikh. He is the only individual who would have such knowledge. Mr. Levy has known this for some time. Igor Erlikh does not have the documents sought by Mr. Levy. Former corporate counsel, Mr. Fazio, did not have the documents sought by Mr. Levy.

Lastly, Plaintiff's counsel has not provided their Rule 26 automatic disclosures to Precision Office Management. It is hardly fair that they seek to strike my client's answer to the complaint when they have not provided the undersigned with their witness list, documents, or expert witnesses.

For the forgoing reasons, Plaintiff's application should be denied.

Very Truly Yours,

Susan N. Persaud, Esq.

Exhibit 1

Law Offices of Susan N. Persaud, PLLC
220 Old Country Road, 2nd FL
Mineola, New York 11501
516-414-4911
Spersaud.law@myjusticeny.us

---

September 27, 2012

Barry Levy, Esq.
Rifkin Radler
92S RXR Plaza
Uniondale, NY 11556·0926

    Re: <u>Geico v. Hazel, et al, Precision Office Management</u>

Dear Mr. Levy:

    In response to your Rule 26 demand, below please find the relevant information.

    The only witnesses that would potentially have knowledge of the facts of the case are:

        Ruslan Erlikh
        165 Oceania Drive, Apt TH1A
        Brooklyn, NY 11235

        Igor Erlikh
        6910 Avenue U Apt. 2S
        Brooklyn, NY 11234

    Precision Office Management has no possession or control of any financial or billing records or other documents that relate to the facts of this case. The only documents we possess are copies of those that we, or previous counsel, have obtained from the EDNY EFC system. As such, those documents are not originals, nor are the originals in our possession or control, since the original version of those documents are with the Clerk's Office.

    No expert witnesses are planned.

                                              Very Truly Yours,
                                              Susan N. Persaud, Esq.