UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GEICO, et al.,                                                Docket No.: 11-00410 (CBA)(VMS)

            Plaintiffs

    -against-

EDOVARD J. HAZEL, et al.,

           Defendants.
-------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 31 2013 ★
BROOKLYN OFFICE

## DEFENDANT RUSLAN ERLIKH'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

      Now comes the Defendant Ruslan Erlikh and opposes the Plaintiffs' Motion to Dismiss pursuant to Fed.R.Civ.P. Rule 41(a)(2).

      For the reasons set forth in Defendant's accompanying Memorandum of Law in Opposition to Plaintiffs' Motion to Dismiss, Defendant respectfully requests that the Court deny or in the alternative grant Plaintiffs' Motion conditioned upon Plaintiffs fully complying with Defendant's outstanding discovery demands which are the subject of an open Motion to Compel.

             Respectfully submitted,


             Ruslan Erlikh
             Pro-se Defendant


             */s/ Ruslan Erlikh*_____
             155 Oceana Drive
             Brooklyn, NY 11235
             (718) 419-4468

Dated: March 13, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GEICO, et al.,                                                    Docket No.: 11-00410 (CBA)(VMS)

           Plaintiffs

     -against-

EDOVARD J. HAZEL, et al.,

           Defendants.
-------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RUSLAN ERLIKH'S
OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. RULE 41(a)(2)</u>**

Pro-se Defendant
Ruslan Erlikh
155 Oceana Drive
Brooklyn, NY 11235
(718) 419-4468

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT................................................................................... 1

STATEMENT OF RELEVANT FACTS.................................................................... 1

ARGUMENT...................................................................................................... 3

    I.    Legal Standard.............................................................................. 3

    II.    Plaintiffs' Motion Should be Denied............................................. 4

    III.    Plaintiffs' Motion Should be Granted on the Condition
        That Plaintiffs comply with Outstanding Discovery.................... 6

CONCLUSION................................................................................................... 7

**PRELIMINARY STATEMENT**

This action was brought by Plaintiffs on January 27, 2011 against Eastchester Precision Medical,

PC, Edovard Hazel, MD, Precision Office Management, Inc., myself and my father.  Over two years later

Plaintiffs seek to voluntarily withdraw their claims.  For the reasons more fully set forth below, the

Plaintiffs request for dismissal should either be denied or conditioned upon compliance with open

discovery, payment of attorney's fees and the dismissal should be with prejudice.

**STATEMENT OF FACTS**

Plaintiffs have filed claims against the defendants under theories of fraud, unjust enrichment

and civil rico.  The gravamen of Plaintiffs' allegations is that Dr. Hazel did not own and control

Eastchester and therefore was not in compliance with local and state licensing laws.  Plaintiffs further

allege that my father and I, through Precision Office Management, Inc., owned and controlled the

medical PC.

Despite the allegations, Plaintiffs settled with the Medical PC and took a judgment in the

amount of $550,000.00 (despite the fact that GEICO had only paid Eastchester approximately

$80,000.00) and waived all Eastchester claims against GEICO which were approximately $1,400,000.00.

Since the time of the settlement, Plaintiffs have contacted the attorneys representing Eastchester in

collection actions against other insurance carriers and sought to take the moneys collected for

themselves in satisfaction of the judgment.

I have had to hire numerous attorneys to defend myself and my corporation in the 2 years this

suit has gone on.  I have been stonewalled every time I try to get any documents or meaningful

discovery from GEICO.

Specifically, On August 20, 2012 I served a discovery demand on the Plaintiff (a copy of the

August 20, 2012 letter is attached hereto as exhibit "A").  On September 18, 2012, the Plaintiffs

responded to my demands and objected to everything that I asked for (a copy of the Geico letter is attached here as Exhibit "B").

I followed that up with a letter to plaintiffs' counsel on October 05, 2012 requesting documents, the Plaintiffs have not produced any documents or even responded to those demands. (a copy of the October 05, 2012 letter is attached as Exhibit "C").

I filed a Motion to Compel on February 13, 2013. This motion is presently pending before Magistrate Judge Scanlon. GEICO did not oppose this motion, nor did they file a request to extend their time to respond to it. On February 25, 2013, GEICO, through counsel, wrote to Magistrate Judge Scanlon and asked her to delay ruling on the motion as they intended to file a Motion to Dismiss pursuant to Fed.R.Civ.P.41(a)(2).

This is not the first time Plaintiffs have engaged in such a scheme. In *Geico v. Hollis Medical Care, PC, et. al.*, EDNY Case No.: 10-cv-4341, Plaintiffs settled with Hollis and took a Confession of Judgment in the amount of $1,500,000.00. After alleging that the defendants engaged in a fraudulent scheme that constituted a racketeering enterprise, GEICO proceeded to collect moneys paid by other insurance companies for themselves.

After collecting some of Hollis' receivables from other insurance carriers, GEICO then sold the Judgment to an entity known as Ifund, LLC, a New York limited liability company formed by the Hollis Management Defendants.

Ifund, LLC has recently instituted an action against one of Hollis' collection attorneys. A copy of the Complaint is annexed hereto as Exhibit "D".

## ARGUMENT

*I.*      *Legal Standard*

Federal Rule of Civil Procedure 41(a)(2) provides that, absent agreement between the parties, "an action may be dismissed at the plaintiffs request only by court order, on terms that the court considers proper." *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006).

In *Camilli v. Grimes*, the 2d Circuit noted that "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Id.* at 123.

First, where there is an indication "that such a dismissal would be improper if `the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. `"*Id.* at 123 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849 (1947), and citing *Jones v. SEC*, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936)).

Second "the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id.* (citing *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996), and *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

The *Zagano* factors include: "(1) the plaintiffs diligence in bringing the motion, (2) any undue vexatiousness on the plaintiffs part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiffs explanation for the need to dismiss." *Id.*

As the Court explained, these factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive. The *Camilli* court explained that the *Zagano* factors bear "little, if any," relevance where a dismissal without prejudice conditions future litigation on a defendant's actions. 436 F.3d at 123.

II.   *Plaintiffs' Motion Should be Denied*

I have diligently sought discovery in this case and have not received a single piece of paper from GEICO.  Whether I have valid claims against GEICO depends in large part on the content of the documents I have requested.  IN the event that I have valid claims and the Plaintiff's claims are dismissed, I may run into a statute of limitations problem as it is my understanding that certain intentional business torts in NY carry a one year limitations period pursuant to CPLR §215 such as Malicious prosecution.

Plaintiff in this case fails to meet any of the standards enumerated by the Court in *Zagano*.  This case is over two years old, GEICO has failed to meaningfully respond to any of my outstanding and now long overdue discovery demands.


(a) the plaintiffs diligence in bringing the motion:  Plaintiffs' suggestion that they brought this motion because I stated on February 4, 2013 that I had no means to satisfy a judgment seems somewhat contrived.  It is hard to imagine that a billion dollar insurance company such a GEICO would not have a very specific understanding of my financial condition before and during this litigation.  It also seems very coincidental timing that 12 days after I brought a motion to compel, they inform the Court of their intention to file this motion.

(b) any undue vexatiousness on the plaintiffs part:  GEICO's pattern of making shocking allegations of fraud and racketeering and then settling with the medical PC and collecting moneys paid by other insurance companies indicates one of two things.  Either GEICO decided its claims did not have merit at the time of settlement with the medical PC or (2) complicity.  I have been attempting to get this discovery from Geico as expeditiously as possible.  Top the extent that I have claims against GEICO depends importantly on what is contained in the documents.  It has been my contention all along that

GEICO has engaged in this litigation and countless other civil rico cases brought against other similarly situated medical practices as part of a bigger cost-containment plan.  GEICO's most recent actions support this contention.

(c) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial:  Despite GEICO's assertions that this case has not had a substantial amount of discovery, the truth is that the defendants have produced material evidence, been deposed, attended numerous conferences and hearings, filed and opposed numerous motions and actively and expensively defended this case.  The volume of docket entries in this case speaks volumes as to the contentiousness of this matter.

(d) the duplicative expense of relitigation:  The discovery conducted to date in this case may be helpful in a subsequent action or it may not.  I believe that the costs to me in legal fees would not be substantially less if the Plaintiff's were to re-file with different theories or different defendants.

(e) the adequacy of the plaintiffs explanation for the need to dismiss:  The plaintiffs excuse for dismissing at the 11th hour seems disingenuous at best to me given the timing of my motion to compel. It seems blatantly obvious that GEICO is seeking to dismiss the case so they do not have to turn over the documents I am entitled to.


III.    *Plaintiffs' Motion Should be Granted on the Condition that Plaintiffs comply with Outstanding Discovery and pay my reasonable attorney's fees*

Rule 41(a)(2) specifically states that the Court may include terms and conditions in its Order granting voluntary dismissal.  Dismissal has been conditioned upon Plaintiff producing documents in the past.  In re Vitamins Antitrust Litigation, 198 F.R.D. 296 (D.D.C.2000).

In this case, it is only fair that if the Court is to allow GEICO to drop this case at this time that they be Ordered to turn over the documents I have requested and to pay my reasonable attorney's fees to date.  They have laughed at me and not taken me seriously all the way through this case.  I asked for

documents and Mr. Levy responds that they are privileged.  I know very well that if GEICO wants to assert privilege, there is a procedure for doing so which was never done in this matter.  I have received not ONE solitary document from GEICO.

I have been subjected to threats of contempt and sanctions and I have produced every document that GEICO has requested.  IT is only fair that GEICO be held to the same standard.  If they have nothing to hide, let them produce what I have asked for.

### CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiffs' Motion or in the alternative, grant the motion and Order the case dismissed with prejudice and with the conditions that the Plaintiff pay the Defendants' reasonable attorney's fees and produce the discovery requested.

Respectfully submitted,

*s/s Ruslan Erikh*
Pro-se Defendant
Ruslan Erlikh
155 Oceana Drive
Brooklyn, NY 11235
(718) 419-4468

Dated: March 13, 2013

**CERTIFICATE OF SERVICE**

I Ruslan Erlikh hereby certify that the attached Opposition to Plaintiffs' Motion to Dismiss and Memorandum of Law in Opposition have been filed electronically by ECF.  Notice of this filing will be sent by email to all parties who have appeared in the action by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

In addition, the attached Opposition and Memorandum have been served on the following parties by US Mail 1st Class postage prepaid:

Igor Erlikh
6910 Avenue U, #2S
Brooklyn, NY 11234

Max Gershenoff, Esq.
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, NY 11556-0926


*s/s Ruslan Erlihk*
Ruslan Erlikh

Dated: March 13, 2013

UNITED STATES DISTRICT COURT **CV 13 – 1086**
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IFUND, LLC,

               Plaintiff,

    -against-

BAKER SANDERS, LLC, and
ARIEL AMINOV, PLLC,

               Defendants.
-------------------------------------------------------------------X

Docket No.:

COMPLAINT **SCANLON, M.J.**

      Plaintiff, IFUND, LLC, by its attorney, PETER M. ZIRBES, ESQ., hereby alleges and

complains against the above-captioned Defendants as follows:

### *JURISDICTION ALLEGATIONS*

1. Plaintiff is a domestic corporation formed pursuant to the laws of the State of New

    York, and is located in the County of Nassau, State of New York.

2. Upon information and belief, Defendant, BAKER SANDERS, LLP, is a limited

    liability partnership formed pursuant to the laws of the State of New York, with an

    office located in the County of Nassau, State of New York.

3. Upon information and belief, Defendant, ARIEL AMINOV, PLLC, is a professional

    limited liability company formed pursuant to the laws of the State of New York, with

    an office located in the County of Nassau, State of New York.

1

COMMON FACTUAL ALLEGATIONS

4.  At all times relevant and pertinent to the allegations contained herein, the Defendants
were, and still are attorneys retained by Hollis Medical Care, P.C., for the purposes of
collecting receivables related to an insurers non-payment of no-fault benefits,
assigned by a patient to Hollis, for services rendered to the insured patient.

5.  In or around September of 2010, Government Employees Insurance Company,
hereinafter referred to as "GEICO", initiated a civil proceeding in this Court, under
Docket No. 10-CV-4341, against HOLLIS MEDICAL CARE, P.C., one of the named
Defendants herein, and its doctors, both its current and former owners, as well as
against other Defendants.

6.  Said action will be hereinafter referred to as the "Geico action".

7.  On or about May 25, 2011, the Hon. Judge I. Leo Glasser, so ordered an Order of
Permanent Injunction whereby HOLLIS MEDICAL CARE, P.C., and its doctors,
both its current and former owners, settled GEICO's claim, by giving GEICO a
judgment in the sum of $1,500,000.00, including an attachment of all assets of Hollis
Medical Care, P.C., up to said judgment amount, including, but not limited to any
monies held by an attorney on behalf of, or for the benefit of Hollis Medical Care,
P.C.; and, any monies that are or may be in the future due and owing to Hollis
Medical Care, P.C., or collected by Hollis Medical Care, P.C. as a result of any
collection arbitrations/lawsuits (hereinafter "collection cases") pursued on behalf of
Hollis Medical Care, P.C. against any insurers other than GEICO, it being understood
that in regard to pending and future collection cases prosecuted on behalf of Hollis

2

Medical Care, P.C. against insurers other than GEICO that the following categories shall be exempt from attachment under this Order: (i) statutory counsel fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made; and, (ii) filing fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made. A copy of the duly filed Order of Permanent Injunction is annexed hereto as Exhibit A.

8. On or about March 12, 2012, a Judgment was signed by the Hon. I. Leo Glasser, which had been duly filed with the Clerk's Office on March 8, 2012, and was duly entered by said Clerk. A copy of said Judgment is annexed hereto as Exhibit B.

9. Pursuant to the terms of said Judgment, it was Ordered that the terms of the Order of Permanent Injunction dated May 25, 2011, including the directive that pending satisfaction of the Judgment that (i) all assets of Hollis Medical Care, P.C. are subject to attachment (with specified exceptions) by GEICO; and, that (ii) Hollis, its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, are enjoined and restrained from transferring, encumbering, dissipating, or wasting such assets.

10. On or about May 1, 2012, a fully executed Stipulation of Dismissal with Prejudice, dated April 18, 2012, and as against the Defendants in the Geico action, commonly known as the 'management defendants', including Simon Davydov, was duly entered with the Clerk's Office. A copy of said Stipulation of Dismissal with Prejudice is annexed hereto as Exhibit C.

3

11. On or about July 25, 2012, a Notice of Assignment of Judgment with duly executed copy of the Assignment, dated April 4, 2012, whereby GEICO assigns and transfer its right, title and interest in GEICO's Judgment and Order of Permanent Injunction against Hollis Medical Care, P.C. in the Geico action, to the above-captioned Plaintiff, Ifund, LLC, was duly entered in the Clerk's Office. A copy of said Notice of Assignment s annexed hereto as Exhibit D.

12. On or about July 25, 2012, the Plaintiff, Ifund, submitted to the Clerk of the Court for the Eastern District, Writs of Execution as against the Defendants, who were identified therein as collection attorneys retained by Hollis Medical Care, P.C., and which sought identification of funds being held in said attorneys' escrow accounts on behalf of Hollis Medical care, P.C., and sought identification of files upon which collection has not yet been effectuated on behalf of Hollis.

13. Said Writs of Execution were signed by the Clerk of the Court, and promptly delivered to the United States Marshall for service.

14. Pursuant to the confirmation of service set forth on said Writs, they were served upon the Defendants in early late July and/or August of 2012. Copies of the Writs, with confirmation of service are annexed hereto as Exhibit E.

15. Upon information and belief, the funds the Defendants are holding on behalf of Hollis are located in a general escrow account, where funds belonging to clients other than Hollis medical Care, P.C. also reside.

16. The Marshall cannot execute on the Writs unless, and or until the Defendants identify the funds being held on behalf of Hollis Medical Care, P.C..

4

17. On or about August 14, 2012, the Defendant, ARIEL AMINOV, sent a letter to the United States Marshall seeking a 30 day stay of execution to allow him the opportunity to contest the validity and/or propriety of the assignment of judgment. A copy of this letter is annexed hereto as Exhibit F.

18. To date, neither of the Defendants have either identified the funds and/or files they are holding on behalf of Hollis Medical Care, P.C., nor have they interposed any objection to the Writs, the Judgment and/or the Assignment of Judgment

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

19. The Plaintiff repeats and reiterates all of the allegations previously set forth herein.

20. The Plaintiff, by virtue of the Assignment of Judgment is the rightful holder of the Judgment and Order of Permanent Injunction set forth above, copies of which are annexed hereto as Exhibits A, B and D respectively.

21. The Defendants, as collection attorneys for Hollis Medical Care, P.C., are holding both funds and/or files on behalf of Hollis Medical Care, P.C..

22. By the terms of the Judgment and Order of Permanent Injunction, and pursuant to CPLR §§ 5225(b) and 5227, the Defendants are required to turn over these assets to the Plaintiff.

23. The Plaintiff has sought to execute on these assets.

24. The Defendants have ignored said attempt to execute.

WHEREFORE, Plaintiff prays for a judgment ordering the Defendants to turn over to the Plaintiff all the assets they are holding for their client, Hollis Medical care, P.C., and for such other and further relief that this honorable Court may deem just, proper and equitable.

Dated: February 17, 2013
       Forest Hills, New York

                              Peter M. Zirbes, Esq.

                    By: _____
                              Peter M. Zirbes, Esq. (PZ4413)
                              Attorney for Plaintiff
                              116-03 Queens Boulevard
                              Forest Hills, NY 11375
                              (718) 683-5303

Case 1:11-cv-00410-CBA-VMS   Document 101   Filed 05/31/13   Page 18 of 46 PageID #: 646
Case 1:13-cv-01086-SLT-VMS   Document 1   Filed 03/01/13   Page 8 of 29 PageID #: 8
Case 1:10-cv-04341-ILG-RML   Document 54   Filed 07/27/11   Page 1 of 4 PageID #: 1587
Case 1:10-cv-04341-ILG-RML   Document 45-3   Filed 05/25/11   Page 2 of 5 PageID #: 1318

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., et al.

                Plaintiffs,

      -against-

HOLLIS MEDICAL CARE, P.C., et al.

                Defendants"
------------------------------------------------------------------X

Docket No.: CV 10-4341
(ILG)(RML)

## ORDER AND PERMANENT INJUNCTION

**WHEREAS,** Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") commenced this action against,, among others, Defendants David Hsu, MD ("Dr. Hsu") and Hollis Medical Care, P.C. ("Hollis")("Dr. Hsu" and "Hollis" are collectively referred to as the "Hsu Defendants"); and

**WHEREAS,** Dr. Hsu has represented himself to be the sole owner of record of Hollis Medical Care, P.C., Lenox Wellcare Medical, P.C. Rosedale Medical of New York, P.C., First Aid Medical Care, P.C., New Age Orthopedic Rehabilitation, P.C. and/or St. John Medical Care, P.C. (collectively the "Hsu PCs'); and

**WHEREAS,** the Plaintiffs and the Hsu Defendants have reached a global resolution of all issues between them, including all causes of action and claims for relief against the Hsu Defendants in this action, upon the terms set forth in this Order and Permanent Injunction; and

**WHEREAS,** in order to effectuate the terms of the global resolution, Plaintiffs and Hsu Defendants have consented to the entry of this order and permanent injunction;

**NOW THEREFORE,** upon the stipulation of the Parties, it is hereby

Case 1:11-cv-00410-CBA-VMS   Document 101   Filed 05/31/13   Page 19 of 46 PageID #: 647

Case 1:13-cv-01086-SLT-VMS   Document 1   Filed 03/01/13   Page 9 of 29 PageID #: 9
Case 1:10-cv-04341-ILG-RML   Document 54   Filed 07/27/11   Page 2 of 4 PageID #: 1588
Case 1:10-cv-04341-ILG-RML   Document 45-3   Filed 05/25/11   Page 3 of 5 PageID #: 1319

ORDERED that the clerk of the court shall enter judgment in favor of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. and against Defendant, Hollis Medical Care, P.C., in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars; and

IT IS FURTHER ORDERED that pending the entry of judgment and satisfaction thereon:

(a)   all assets of Hollis Medical Care, P.C. up to the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars are hereby attached in favor of and for the benefit of GEICO, including but not limited to (i) real property, bank accounts, brokerage accounts, debts, accounts receivable, cash, stocks, bonds, motor vehicles, and boats; (ii) any monies held by any bank and/or financial institution in the name of Hollis Medical Care, P.C., (iii) any monies held by any attorney on behalf of or for the benefit of Hollis Medical Care, P.C., and (iv) any monies that are or may in the future be due and owing to Hollis Medical Care, P.C. or collected by Hollis Medical Care, P.C. as a result of any collection arbitrations/lawsuits (hereinafter "collection cases") pursued on behalf of Hollis Medical Care, P.C. against any insurers other than GEICO, it being understood that in regard to pending and future collection cases prosecuted on behalf of Hollis' against insurers other than GEICO that the following categories shall be exempt from attachment under this Order: (i) statutory counsel fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made, and (ii) filing fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made; and

(b)   Hollis Medical Care, P.C., its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, including but not limited to all

Case 1:11-cv-00410-CBA-VMS   Document 101   Filed 05/31/13   Page 20 of 46 PageID #: 648
Case 1:13-cv-01086-SLT-VMS   Document 1   Filed 03/01/13   Page 10 of 29 PageID #: 10
Case 1:10-cv-04341-ILG-RML   Document 54   Filed 07/27/11   Page 3 of 4 PageID #: 1589
Case 1:10-cv-04341-ILG-RML   Document 45-3   Filed 05/25/11   Page 4 of 5 PageID #: 1320

attorneys, banks, brokerage firms, and other entities, and any and all of their branch offices, subsidiaries, and affiliates, which are in possession of property in which Hollis Medical Care, P.C. has an interest or which owe debts to Hollis Medical Care, P.C., shall be enjoined and restrained from transferring, encumbering, dissipating, or wasting any such assets; and

ORDERED that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; and it is further

ORDERED, that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of any of the Hsu PCs shall, within 30 days from the date of receipt of this Order, (i) execute a stipulation of discontinuance with prejudice in any pending lawsuit against GEICO and return the stipulation of discontinuance to the Law Offices of Teresa Spina, staff counsel for GEICO, and (ii) withdraw, with prejudice, any pending arbitration against GEICO and notify the American Arbitration Association of such withdrawal; and its is further

ORDERED that the American Arbitration Association, upon receipt of a copy of this Order, is permanently enjoined and restrained from (i) accepting the filing of any arbitration demand seeking payment from GEICO by or on behalf of any of the Hsu PCs, or (ii) issuing any awards involving arbitrations between any of the Hsu PCs and GEICO; and it is further

ORDERED, that Dr. Hsu and the Hsu PCs, at their own cost and expense, shall assist and cooperate with GEICO's efforts to enforce the terms of the Permanent Injunction by (i)

Case 1:11-cv-00410-CBA-VMS   Document 101   Filed 05/31/13   Page 21 of 46 PageID #: 649
Case 1:13-cv-01086-SLT-VMS   Document 1   Filed 03/01/13   Page 11 of 29 PageID #: 11
Case 1:10-cv-04341-ILG-RML   Document 54   Filed 07/27/11   Page 4 of 4 PageID #: 1590
Case 1:10-cv-04341-ILG-RML   Document 45-3   Filed 05/25/11   Page 5 of 5 PageID #: 1321

issuing letters directing collection counsel to discontinue/withdraw all arbitrations and litigation against GEICO, with prejudice, which shall be sent immediately following the approval of the Permanent Injunction; and (ii) sending letters to any other lawyer or law firm in the future identified by GEICO as prosecuting lawsuits/arbitrations against GEICO on of behalf of any of the Hsu PCs in violation of the Permanent Injunction, directing that the lawyer or law firm discontinue/withdraw the arbitrations/ against GEICO, with prejudice; and it is further,

**ORDERED** that all causes of action for monetary damages against Dr. Hsu, Dr. Goldstein and Dr. Chalsani are hereby dismissed with prejudice.

**S O   O R D E R E D:**

S/ILG
_____

I. Leo Glasser, U.S.D.J.

Dated: _May 25, 2011_
_nunc pro tunc_

Case 1:13-cv-01086-SLT-VMS  Document 1  Filed 03/01/13  Page 13 of 29 PageID #: 13
Case 1:10-cv-04341-ILG-RML  Document 111  Filed 03/08/12  Page 1 of 3 PageID #: 1920
Case 1:10-cv-04341-ILG-RML  Document 44-3  Filed 05/23/11  Page 1 of 3 PageID #: 1310

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., et al.

              Plaintiffs,

      -against-

HOLLIS MEDICAL CARE, P.C., et al.

              Defendants,

-----------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 08 2012 ★

**BROOKLYN OFFICE**

Docket No.: CV 10-4341
(ILG)(RML)

## JUDGMENT

On May 2ξ, 2011, this Court entered an Order and Permanent Injunction against Defendants, David Hsu, M.D. ("Dr. Hsu") and Hollis Medical Care, P.C. ("Hollis")(collectively the "Hsu Defendants") based on a May 23, 2011 Stipulation executed by counsel for Plaintiff, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") and counsel for the Hsu Defendants. On May 2ξ 2011 the Order and Permanent Injunction was filed with the Clerk of the Court.

UPON due consideration of the May 23, 2011 Stipulation between Plaintiffs and the Hsu Defendants, and the terms of the Order and Permanent Injunction, the Court finds as follows:

WHEREAS, an Order and Permanent injunction was entered against Dr. Hsu as well as Hollis Medical Care, P.C., Lenox Wellcare Medical, P.C. Rosedale Medical of New York, P.C., First Aid Medical Care, P.C., New Age Orthopedic Rehabilitation, P.C. and St. John Medical Care, P.C. (the "Hsu PCs") on May 2ξ 2011; and

Case 1:11-cv-00410-CBA-VMS   Document 101   Filed 05/31/13   Page 24 of 46 PageID #: 652
Case 1:13-cv-01086-SLT-VMS   Document 1   Filed 03/01/13   Page 14 of 29 PageID #: 14
Case 1:10-cv-04341-ILG-RML   Document 111   Filed 03/08/12   Page 2 of 3 PageID #: 1921
Case 1:10-cv-04341-ILG-RML   Document 44-3   Filed 05/23/11   Page 2 of 3 PageID #: 1311

**WHEREAS,** the Court ordered that Hollis Medical Care, P.C. was liable to Plaintiffs for damages in the amount of $1,500,000.00 and that judgment in said amount be entered thereon; and

**WHEREAS,** the Court ordered that pending satisfaction of the judgment that (i) all assets of Hollis Medical Care, P.C. are subject to attachment (with specified exceptions) by GEICO; and that (ii) Hollis, its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, are enjoined and restrained from transferring, encumbering, dissipating, or wasting any such assets; and

**WHEREAS,** the Court Ordered that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; now

**THEREFORE, IT IS ORDERED** that judgment be and is hereby entered against Hollis Medical Care, P.C. and in favor of GEICO in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars. This judgment shall bear interest at the judgment rate from the date of its entry until paid; and it is further

**ORDERED** that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; and it is further

2

Case 1:11-cv-00410-CBA-VMS   Document 101   Filed 05/31/13   Page 25 of 46 PageID #: 653
Case 1:13-cv-01086-SLT-VMS   Document 1   Filed 03/01/13   Page 15 of 29 PageID #: 15
Case 1:10-cv-04341-ILG-RML   Document 111   Filed 03/08/12   Page 3 of 3 PageID #: 1922
Case 1:10-cv-04341-ILG-RML   Document 44-3   Filed 05/23/11   Page 3 of 3 PageID #: 1312

**ORDERED** that all other terms of the May 25, 2011 Order and Permanent Injunction shall survive the entry and filing of this judgment.

E N T E R:

s/ILG

I. Leo Glasser, U.S.D.J.

Dated: 5/8/12

2473362 v1

3

**Exhibit C**

Case 1:11-cv-00410-CBA-VMS   Document 101   Filed 05/31/13   Page 27 of 46 PageID #: 655
Case 1:13-cv-01086-SLT-VMS   Document 1   Filed 03/01/13   Page 17 of 29 PageID #: 17
04/30/2012 MON 16:25  FAX 7182684502                                              ☑001/001
Case 1:10-cv-04341-ILG-RML   Document 124   Filed 05/01/12   Page 2 of 2 PageID #: 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

GOVERNMENT EMPLOYEES INSURANCE CO.,
et al.,                                        Docket No.:  CV 10-4341 (ILG) (RML)

                          Plaintiff,

                                               **STIPULATION OF DISMISSAL**
         -against-                             **WITH PREJUDICE**

HOLLIS MEDICAL CARE, P.C., et al.
                          Defendants.
————————————————————————X

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for all of

the parties in the above-captioned matter, that whereas no party hereto is an infant, incompetent person for

whom a committee has been appointed, or conservatee, the above-entitled proceeding be, and the same

hereby is, discontinued, with prejudice, without costs to any party as against the other.  This stipulation may

be filed without further notice with the Clerk of the Court.  This Stipulation may be signed in counterparts,

and facsimile or PDF signatures shall be treated as originals.

Dated: April 18, 2012

RIVKIN RADLER LLP                              PETER M. ZIRBES & ASSOCIATES, P.C.
Attorneys for Plaintiffs, GEICO                Attorneys for Defendants Simon Davydov,
                                               Mikhail Davydov, Ruben Davydov, Emanuel
                                               David, Berta Nektalov and Sophia David

By:                                            By:
   ———————————————                                ———————————————
   Michael A. Sirignano, Esq.                     Peter M. Zirbes, Esq.
   Frank P. Tiscione, Esq.                        108-18 Queens Boulevard, Suite 605
   926 RXR Plaza                                  Forest Hills, New York 11375
   Uniondale, New York  11556                     (718) 268-8800
   (516) 357-3000

2606470 v1

**Exhibit D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE          Docket No.: 10-CV-4341
CO., et al.                                                              (ILG)(RML)

                             Plaintiffs,

                                                                      NOTICE OF ASSIGNMENT
          -against-                                            OF JUDGMENT

HOLLIS MEDICAL CARE, P.C., et al.

                             Defendants.
-------------------------------------------------------X

SIRS:

          PLEASE TAKE NOTICE, that enclosed herewith is a true and accurate copy of

the Assignment of the Judgment, taken by the Plaintiffs against the Defendant Hollis

Medical Care, P.C. in the sum of $1,500,000.00, entered in the United States District

Court for the Eastern District of New York on the 8th day of March 2012, whereby the

Plaintiffs have assigned all its right, title and interest in said Judgment, and the May 25,

2011 Order of Permanent Injunction, to Ifund, a New York limited liability company.

Said assignment is dated April 4, 2012.


Dated: July 25, 2012
          Forest Hills, New York


                                        PETER M. ZIRBES, ESQ.
                                        Attorney for Assignee
                                        108-18 Queens Boulevard
                                        Suite 604
                                        Forest Hills, NY 11375
                                        (718) 268-8800

TO:     Notice will automatically be
          Given to proper parties through ECF

### Exhibit "A"

### Quitclaim Assignment

This assignment made the 4th day of April ~~March~~ , 2012, between Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co., all Maryland corporations with their principal places of business in Chevy Chase, Maryland and Ifund LLC, a New York limited liability company.

WHEREAS, on the 25th day of May 2011, an Order and Permanent Injunction was entered in the United States District Court for the Eastern District of New York in favor of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. ordering that the clerk of the court enter judgment, inter alia, in favor of GEICO against Hollis Medical Care, PC in the sum of $1,500,000.00 Dollars.

WHEREAS, on the 8th day of March 2012, a judgment (the "Judgment") was entered in the United States District Court for the Eastern District of New York in favor of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (i) against Hollis Medical Care PC in the sum of $1,500,000.00 Dollars and (ii) ordering that David Hsu, MD and Hollis Medical Care, P.C., Lenox Wellcare Medical, P.C., Rosedale Medical of New York, P.C., First Aid Medical Care, P.C., New Age Orthopedic Rehabilitation, P.C. and St. John Medical Care, P.C. (collectively the "Hsu PCs") are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs;

WHEREAS, Ifund LLC ("ASSIGNEE") wishes to take by assignment the Judgment entered in favor of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "ASSIGNOR") and ASSIGNOR wishes to sell and assign the Judgment to ASSIGNEE, for good and valuable consideration;

NOW, THEREFORE, ASSIGNOR, in consideration of good and valuable consideration paid to ASSIGNOR, has sold, assigned and transferred, and by these presents hereby sells, assigns and transfers to the ASSIGNEE, all of its right, title and interest in the Judgment, subject to the terms and conditions herein.

This Assignment is without representation or warranty, express or implied, of any kind or of any nature by ASSIGNOR. This assignment is further made without recourse to the ASSIGNOR in any event whatsoever.

ASSIGNEE and ASSIGNOR acknowledge that (i) the assignment of the Judgment herein includes the rights to any assets of Hollis Medical Care, PC attached pursuant to the Order and Permanent Injunction, dated May 25, 2011; (ii) the permanent injunction enjoining and restraining the Hsu PCs from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs remains in place and survives the

assignment of the Judgment to ASSIGNEE.  ASSIGNEE, and any of its successors or assigns, shall take no action that impairs the permanent injunction issued against David Hsu, MD and the Hsu PCs in favor of GEICO.

ASSIGNEE shall indemnify and hold ASSIGNOR harmless from and against any and all liability, loss, damage, cost or expense, including reasonable attorneys' fees, which ASSIGNOR may incur relating to or arising out of the enforcement, or attempted enforcement, of the Judgment.

This assignment shall be governed by, construed and enforced in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, this assignment has been duly executed by the ASSIGNOR and ASSIGNEE the day and date as follows:

ASSIGNOR (GEICO):

_____
[Signature]     _Jeremy Connor_
_____
[Print Name]


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _Nassau_   )

On the _3_ day of _April_____, 2012, before me, the undersigned, a notary public in and for said state, personally appeared _Jerry Connor_____, an authorized representative of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

SUNIL KHANDPUR
Notary Public, State of New York
No. 01KH6058533
Qualified in Nassau County
Commission Expires May 14, 2008/15

ASSIGNEE (Ifund LLC):

[Signature]

[Print Name]


STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____ )

On the 4th day of _____, 2012, before me, the undersigned, a notary public in and for said state, personally appeared _____, an authorized representative of Ifund LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


Notary Public


PETER M. ZIRBES
NOTARY PUBLIC, State of New York
No. 02ZI-4862974
Qualified in Suffolk County
Commission Expires Dec. 1, 20__

Docket No.: 10-CV-4341
(ILG)(RML)

## WRIT OF EXECUTION

| United States District Court | DISTRICT |
|---|---|
| | Eastern District of New York |

TO THE MARSHAL OF: US Dept. of Justice

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME: Hollis Medical Care, P.C.
c/o Baker Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530

you cause to be made and levied as well as a certain debt of:

| DOLLAR AMOUNT | DOLLAR AMOUNT |
|---|---|

A sum, known to the account holder, Baker Sanders, LLC, being held in the account holder's attorney's escrow account(s) on behalf of account holder's client, Hollis Medical Care, P.C.

in the United States District Court for the Eastern District of New York before the Judge of the said Court by the (in the sum of $1,50,00.00 consideration of the same Judge lately recovered against the said, by Judgment against Hollis Medical Care, P.C. in favor of GEICO, entered March 8, 2012, incorporating the Order of Permanent Injunction dated May 25, 2011, and assigned by GEICO to Ifind LLC by assignment of Judgment dated April 14, 2012 and entered July 25, 2012

and also the costs that may accrue under this writ.
   And that you have above listed money at the place and date listed below; and that you bring this writ with you.

| PLACE Baker Sanders, LLC | DISTRICT |
|---|---|
| 100 Garden City Plaza, Suite 500 | Eastern District of NY |
| CITY Garden City, NY 11530 | DATE August 27, 2012 |

Witness the Honorable

_____
(United States Judge)

| DATE JUL 27 2012 | CLERK OF THE COURT DOUGLAS C. PALMER |
|---|---|
| | (BY) Desire Ikeh |

RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|

This writ was received and executed.

| U.S. MARSHAL CHARLES DUNNIZ | (BY) DEPUTY MARSHAL  #3579 |
|---|---|

SERVED: 2/15/13
TO: TODD LEGAL
DEPT
STE 500

Docket No.: 10-CV-4371
(ILG) (RML)

## WRIT OF EXECUTION

| United States District Court | DISTRICT  Eastern District of New York 53 |
|---|---|

2012 JUN 27

US ?

TO THE MARSHALL OF:  US Dept. of Justice

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME: Hollis Medical Care, P.C.
c/o Ariel Aminov, PLLC
50 Glen Street
Glen Cove, NY 11542

you cause to be made and levied as well as a certain debt of:

| DOLLAR AMOUNT | DOLLAR AMOUNT |
|---|---|

A sum, known to the account holder, Ariel Aminov, PLLC, being held in the account holder's attorney's escrow account (s) on behalf of the account holder's client, Hollis Medical Care, P.C.

in the United States District Court for the Eastern District of New York before the Judge of the said Court by the consideration of the same Judge lately recovered against the said, by Judgment against Hollis Medical Care, P.C. with the sum of $1,500,000.00 in favor of GEICO, entered March 8, 2012, incorporating the Order of Permanent Injunction dated May 25, 2011, and assigned by GEICO to Iford, LLC by assignment of Judgment dated April 9, 2012 and entered July 25, 2012

and also the costs that may accrue under this writ.
    And that you have above listed money at the place and date listed below; and that you bring this writ with you.

| PLACE Ariel Aminov, PLLC  50 Glen Street | DISTRICT Eastern District of NY |
| CITY Glen Cove, NY 11542 | DATE August 27, 2012 |

Witness the Honorable _____

(United States Judge)

| DATE  JUL 27 2012 | CLERK OF THE COURT  DOUGLAS C. PALMER |
| | (BY) Desiree Snow |

RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT  8/3/2012  4:00 P.M. |

This writ was received and executed.

| U.S. MARSHAL  CHARLES DUNNE | (BY) DEPUTY MARSHAL  [signature] #3579 |

Executed on
ARIEL AMINOV
STE 1101
1st FLOOR

i



LAW OFFICES OF

# ARIEL AMINOV
PLLC

50 GLEN STREET, SUITE 101                                    TEL: 516-399-2211
GLEN COVE, NY 11542                                          FAX: 516-399-2216

August 14, 2012

US Marshall Service, EDNY
225 Cadman Plaza East, Room G20
Brooklyn, NY 11201
Attn:  Civil Section

     Re:   **GEICO v Hollis, et al**
          **Docket CV 10-4341**

Dear Marshall Dunne:

    I am in receipt of your letter of July 31, 2012.  Please note that my firm is contesting the validity and/or propriety of the assignment of judgment.  In the next few days, my office will be taking legal action to safeguard all parties' interests, including the judgment assignee's, and I request that any executions be stayed at least until at least September 14, 2012.

    Please feel free to call me should you wish to discuss this matter.

                           Yours very truly,

                           Ariel Aminov

RECEIVED
2012 AUG 22 AM 7:10
US MARSHAL EDNY

JS 44 (Rev. 12/07) Case 1:13-cv-01086-SLT-VMS   Document 1-1   Filed 03/01/13   Page 1 of 2 PageID #: 30

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

IRWD, LLC

## DEFENDANTS

BAKER SANDERS, LLC and ARIEL MINOV, PLLC

**CV 13 - 1086**

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  N2352U
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Peter M Zirbes, Esq  (718) 683-5303
116-03 Queens Blvd.
Forest Hills, NY 11375

Attorneys *(If Known)*

SCANLON, M.J.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL INJURY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 365 Personal Injury - Product Liability | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | **PERSONAL PROPERTY** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| | | ☐ 370 Other Fraud | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 371 Truth in Lending | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 380 Other Personal Property Damage | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 385 Property Damage Product Liability | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | ☐ 861 HIA (1395ff) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Alien Detainee | ☐ 864 SSID Title XVI | |
| | ☐ 448 Education | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | |
| | | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | |
| | | **Other:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** | |
| | | | ☐ 462 Naturalization Application | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Supplemental Proceedings / Request for turn-over of assets

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  Hon. John Gleeson

DOCKET NUMBER  10-CV-434)

Related case: GEICO v. HOLLIS MEDICAL CARE, PC, et al.

DATE  3/1/13

SIGNATURE OF ATTORNEY OF RECORD  Peter M Zirbes

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## CERTIFICATION OR ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, _Peter M Zirbes_, counsel for _Plaintiff_, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

- ☒ the complaint seeks injunctive relief,

- ☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: _NO_

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? _NO_

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? _YES_

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒ Yes          ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes     (If yes, please explain)          ☒ No

I certify the accuracy of all information provided above.

Signature: _____
          _Peter M Zirbes, Esq. (PZ-4413)_

Ruslan Erlikh

August 20, 2012

Barry Levy, Esq.
Rifkin Radler
92S RXR Plaza
Uniondale, NY 11556-0926

Re: Geico v. Hazel

Dear Mr. Levy:

At the last court conference, the judge said that I could request discovery until October 30, 2012. I am requesting the following documents:

1. Geico Market Share Study from 2007-2010
2. The actuarial studies and fiscal related to:
   a. The cost/benefit analysis of denying claims and forcing claims into litigation or arbitration
   b. The cost/benefit analysis of
   c. The interest earned on claim funds while the claim is pending
   d. The investment decisions for claim funds while the claim is pending
3. The names of all accountants and other employees or contracted parties that compiled the actuarial data on this case this case
4. The name of Geico's chief liaison to plaintiffs' counsel on this case

Sincerely,

Ruslan Erlikh

Cc:    Clerk of the Court, EDNY
       Susan Persaud, Esq.

WWW.RIVKINRADLER.COM

 RIVKIN RADLER₂
ATTORNEYS AT LAW

BARRY I. LEVY
PARTNER
(516) 357-3149
barry.levy@rivkin.com

September 18, 2012

**By Regular Mail**
Ruslan Erlikh
155 Oceana Drive, Apt. PH-1A
Brooklyn, New York 11234

Re:   **Government Employees Insurance Co., et al. v. Edovard J. Hazel, M.D., Eastchester
Precision Medical, P.C., et al.
Docket No.: CV 11-0410 (CBA)(RML)**

Dear Mr. Erlikh:

I write on behalf of Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO
General Insurance Company and GEICO Casualty Co. (collectively referred to as "GEICO") in response
to your August 20, 2012 letter, which was mailed on August 30, 2012. This letter will serve to outline
GEICO's objections to the documents and/or information sought through that letter.

While you have a right to request discovery in this matter, the requests that you propound must seek
information/documents that are actually relevant and material to the issues that are being litigated in the
matter in accordance with Fed. R. Civ. Proc. 26. In that regard, it is GEICO's position that none of the
documents and/or information that you have requested in your letter are relevant or material to the
claims and/or defense that have been asserted in this case, and on that basis, GEICO would object to
your letter in its entirety . Furthermore, several of the categories of documents you seek either (i) do not
exist, or (ii) contain confidential and/or proprietary information. More specifically, (i) any documents
that would be responsive to Request No. 1 are not authored by GEICO and are not otherwise relevant
and/or material to this case, (ii) Although the documents you seek in Request No. 2 and/or Request No.
3 are similarly not relevant and/or material, GEICO does not possess such documents. With respect to
Request No. 4, there is no such person who serves as "chief liaison" to our law firm in connection with
this matter, and any such information would otherwise be protected by work product privilege. If you
are seeking the identity of a witness who may possess specific knowledge, please identify what you are
seeking and we will respond accordingly.



WWW.RIVKINRADLER.COM

**BARRY I. LEVY**
PARTNER
(516) 357-3149
barry.levy@rivkin.com

September 18, 2012

**By Regular Mail**
Ruslan Erlikh
155 Oceana Drive, Apt. PH-1A
Brooklyn, New York 11234

Re:   **Government Employees Insurance Co., et al. v. Edovard J. Hazel, M.D., Eastchester**
      **Precision Medical, P.C., et al.**
      **Docket No.: CV 11-0410 (CBA)(RML)**

Dear Mr. Erlikh:

I write on behalf of Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively referred to as "GEICO") in response to your August 20, 2012 letter, which was mailed on August 30, 2012. This letter will serve to outline GEICO's objections to the documents and/or information sought through that letter.

While you have a right to request discovery in this matter, the requests that you propound must seek information/documents that are actually relevant and material to the issues that are being litigated in the matter in accordance with Fed. R. Civ. Proc. 26. In that regard, it is GEICO's position that none of the documents and/or information that you have requested in your letter are relevant or material to the claims and/or defense that have been asserted in this case, and on that basis, GEICO would object to your letter in its entirety . Furthermore, several of the categories of documents you seek either (i) do not exist, or (ii) contain confidential and/or proprietary information. More specifically, (i) any documents that would be responsive to Request No. 1 are not authored by GEICO and are not otherwise relevant and/or material to this case, (ii) Although the documents you seek in Request No. 2 and/or Request No. 3 are similarly not relevant and/or material, GEICO does not possess such documents. With respect to Request No. 4, there is no such person who serves as "chief liaison" to our law firm in connection with this matter, and any such information would otherwise be protected by work product privilege. If you are seeking the identity of a witness who may possess specific knowledge, please identify what you are seeking and we will respond accordingly.

---

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



**RIVKIN RADLER** LLP
ATTORNEYS AT LAW

Ruslan Erlikh
September 18, 2012
Page 2

Your attention to this matter is appreciated.

Very truly yours,

RIVKIN RADLER LLP

Barry L. Levy

BIL/lg

Cc:     Susan Persaud, Esq. (by mail)
        Steven Harfenist, Esq. (by mail)
        Igor Erlikh (by mail)
        Michael Sirignano, Esq.
        Frank Tiscione, Esq.

October 5, 2012

Barry Levy, Esq.
Rifkin Radler
926 RXR Plaza
Uniondale, NY 11556·0926

Re: Geico v. Hazel, et al.

Dear Mr. Levy;

At the last court conference, the judge said that I could request discovery until October 30, 2012. I am requesting the following documents:

1. Geico Market Share Study from 2007-2010
2. All the research, actuarial studies, and internal documentation and communication that went into developing and adopting this business decision
    a. The actuarial studies and fiscal related to:
        1. The cost/benefit analysis of denying claims and forcing claims into litigation or arbitration
        2. The cost/benefit analysis of
        3. The interest earned on claim funds while the claim is pending
        4. The investment decisions for claim funds while the claim is pending
3. The names of all accountants and other employees or contracted parties that compiled the actuarial data on this case this case
4. The name of Geico's chief liaison to plaintiffs' counsel on this case
5. The names of each other physician and/or medical practice in the State of New York against whom Geico has filed a lawsuit, or threatened to file a lawsuit, similar to this case in the past 7 years. I want a copy of all such settlements, in or out of court.
6. All billing to Geico from Dr. Cianamino and all of his clinics and/or practices for the past 4 years.
7. I went the names of each Eastchester Precision Medical employee that Geico alleges rendered radiology services without proper credentials.

Ruslan Erlikh