UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

GEICO,                                                                          Case No.: 11-cv-0410

        Plaintiff

   -against-                                                            **JuryTrial Demanded**

EDOVARD J. HAZEL, EASTCHESTER
PRECISION MEDICAL, P.C., PRECISION
OFFICE MANAGEMENT, INC., RUSLAN
ERLIKH and ,
        Defendants.
----------------------------------------------------------------

RUSLAN ERLIKH,

        Counterclaim Plainitff

   -against-

GEICO,

        Counterclaim Defendants.

-------------------------------------------------------------X

## COUNTERCLAIM

### PRELIMINARY STATEMENT

1.      This is an action brought by the Counterclaim Plaintiff RUSLAN ERLIKH (hereinafter "ERLIKH") against GEICO seeking monetary damages, including compensatory and punitive damages, as a result of GEICO's perpetration of fraud on the plaintiff in the above action as well as for GEICO's intentional interference with plaintiff's advantageous contractual relations and violation of the New York General

Business Law section 349.

## THE PARTIES

2.      The Plaintiff ERLIKH is an individual with a principal residence in Brooklyn, Kings County, New York.

3.      The Defendant, GEICO is a duly organized for profit foreign Corporation authorized to do business in New York with a principal place of business at Woodbury, Nassau County, New York.

## JURISDICTION

4.      Plaintiff asserts diversity jurisdiction.

## VENUE

5.      Venue is proper as the Plaintiff is a resident of Kings County and the Defendant conducts business in Nassau County.

## THE FACTS

6.      GEICO initiated the present lawsuit against the named Defendants in 2011 seeking to extinguish the claims filed against them by Eastchester Precision Medical, PC on a theory that the professional corporation was in fact secretly owned and controlled by me and my father and Precision Office Management Inc.  GEICO also sued to be reimbursed any moneys they had paid in claims to Eastchester Precision Medical PC.

7.      Since 2010 GEICO has filed forty six (46) cases seeking similar relief. The cases are as follows:

GEICO v. Green                10-cv-2671

GEICO v. Ivy Med              10-cv-3037

GEICO v. One of the Best      10-cv-4287

| | |
|---|---|
| GEICO v. Damien | 10-cv-5409 |
| GEICO v. Infinity Health | 10-cv-5611 |
| GEICO v. Koyfman | 10-cv-5869 |
| GEICO v. Hollis | 10-cv-3431 |
| GEICO v. Clearview | 10-cv-4286 |
| GEICO v. Yustis | 11-cv-0631 |
| GEICO v. Novacare | 11-cv-0861 |
| GEICO v. NHP Imaging | 11-cv-1166 |
| GEICO v. Uptown Health | 11-cv-1453 |
| GEICO v. Personal Touch | 11-cv-1493 |
| GEICO v. Village Medical | 11-cv-2863 |
| GEICO v. V&B | 11-cv-3147 |
| GEICO v. EZ Care | 11-cv-3148 |
| GEICO v. Razzakova | 11-cv-3247 |
| GEICO v. Usharov | 11-cv-3657 |
| GEICO v. Threeonix | 11-cv-3781 |
| GEICO v. Park Slope Med. | 11-cv-4028 |
| GEICO v. IAV Medical | 11-cv-4621 |
| GEICO v. Akpinar | 11-cv-4667 |
| GEICO v. Burshteyn | 11-cv-5084 |
| GEICO v. Dublin | 11-cv-4018 |
| GEICO v. Ave. I Medical | 11-cv-5795 |
| GEICO v. Khavko | 11-cv-5781 |

| | |
|---|---|
| GEICO v. Glassman | 11-cv-6061 |
| GEICO v. Grand Medical | 11-cv-5339 |
| GEICO v. Barakat | 12-cv-0070 |
| GEICO v. Bangy | 12-cv-0735 |
| GEICO v. Reyes | 12-cv-1953 |
| GEICO v. Infinity | 12-cv-2197 |
| GEICO v. Gateva | 12-cv-4236 |
| GEICO v. AMD Chiro | 12-cv-4295 |
| GEICO v. Excel Imaging | 12-cv-0273 |
| GEICO v. Five Boro | 12-cv-2448 |
| GEICO v. Li-Elle Service | 12-cv-2157 |
| GEICO v. BSZ Chiro | 12-cv-5536 |
| GEICO v. Soffer | 12-cv-5535 |
| GEICO v. Velocity Chiro | 13-cv-2791 |
| GEICO v. Salamone | 13-cv-2658 |
| GEICO v. Rodriguez | 13-cv-2498 |
| GEICO v. Weili-Li | 13-cv-2327 |
| GEICO v. Badia | 13-cv-1720 |
| GEICO v. Compas | 13-cv-1290 |
| GEICO v. Bedford Medical | 13-cv-0411 |

8. In many of these cases including the instant case as well as GEICO v. Hollis Medical, EDNY Case No. 10-cv-3431, Geico settled the case with the physician owner,

who they claim does not in fact own the professional corporation which renders the corporation ineligible for purposes of claiming or collecting benefits under the no-fault regulations, takes a confession of judgment against the professional corporation for more money than was paid to GEICO in claims, and proceeds to collect on their judgment from claims paid by the other insurance companies.

9. In the Hollis case, GEICO went so far as to sell and assign its judgment back to the very management defendants they claim secretly owned and controlled the professional corporation.

10. In this case, GEICO entered into a nefarious agreement with Dr. Ciccimino, the successor owner to Dr. Hazel of the professional corporation. Upon information and belief, GEICO entered into an Agreement between Bromer Medical, PC (a different PC owned by Dr. Ciccimino), John Sansone, a layperson alleged to secretly own and control Bromer Medical, and Dr. Ciccimino where by GEICO would agree not to sue Bromer, Sansone and Ciccimono provided Ciccimino waive the Eastchester Precision receivables and execute a Confession of Judgment in Geico's favor as well as execute a frivolous and totally false affidavit concerning his acquisition of the PC.

11. Dr. Ciccimino has no knowledge of any of the negotiations or contracts involved in the start up of the PC in this case. Nor is Dr. Ciccimino in possession of any knowledge concerning the delivery of radiology services by the PC.

12. I spent an enormous amount of time and effort creating and building the business and relationship for Precision Office Management and Eastchester Precision Medical PC. I am owed an enormous amount of money pursuant to the terms of the contracts between the parties, including money that was surreptitiously waived by

Ciccimino or taken illegally by GEICO.

## COUNT I (FRAUD)

13. Each paragraph set forth in the above paragraphs numbered 1-12 is hereby repeated, restated and incorporated herein by reference as if each paragraph had been separately and fully set forth in full.

14. GEICO over the course of three years has engaged in a systematic pattern of fraud by utilizing their financial leverage to intimidate and bully small medical practices into waiving their medical receivables and assigning to GEICO money which GEICO is not, and knows it is not, entitled to.

15. GEICO enters into these secret agreements under the guise and false pretense of their "confidentiality agreements" and proceeds to collect on the receivables from other insurance carriers.

16. GEICO's strong-armed settlements with the professional corporations are fraudulent in many respects, both the PC (in this case Dr. Ciccimino) and GEICO both make material misrepresentations and omissions both to the other insurance carriers, the Court as well as the people and companies who provided services to the PCs and are entitled to be paid what is owed to them, in this case me.

17. As a direct result of GEICO's fraud, I have been damaged in an amount no less than $1,000,000.00.

## COUNT II (Intentional Interference with Advantageous Contractual Relations)

18. Each paragraph set forth in the above paragraphs numbered 1-17 is hereby repeated, restated and incorporated herein by reference as if each paragraph had been separately and fully set forth in full.

19. GEICO's conduct on entering into a bad faith and strong-armed settlement with Ciccimino and the PC constitute an intentional interference with my relationship with Precision Office Management Inc. and its relationship with the PC.

20. As a result of GEICO's intentional interference, I have been damaged in an amount not less that $1,000,000.00.

## COUNT III (NY General Business Law 349)

21. Each paragraph set forth in the above paragraphs numbered 1-20 is hereby repeated, restated and incorporated herein by reference as if each paragraph had been separately and fully set forth in full.

22. GEICO's conduct in utilizing its financial power and leverage in commencing and prosecuting the 46 civil rico cases has a dramatic and widespread effect on the automobile insurance industry in New York.  It has a direct effect on policy holders, EIPs (Eligible Injured Persons under the auto policies), medical providers, support staff and companies for the professional corporations as well as other insurance carriers.

23. GEICO's conduct in the prosecution and settlement of these cases constitutes deceptive acts and practices in the conduct of their business.

24. These practices are of a continuing nature as they have systematically been done over a three year period and they are consumer oriented in as much as they have a direct

affect on the availability and delivery of healthcare services to all persons insured by GEICO or injured in auto accidents involving a vehicle insured by GEICO.

25. As a result of GEICO's unfair and deceptive acts, plaintiff has been damaged in an amount not less than $1,000,000.00 and should receive punative damages to punish GEICO for its intentional and egregious conduct.

## JURY DEMAND

The Counterclaim Plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE, ERLIKH respectfully prays that the Court find, GEICO'S conduct to be fraudulent and award Plaintiff damages in an amount of $1,000,000.00 or such amount of damages that are proved at trial.

WHEREFORE, ERLIKH respectfully prays that the Court find, GEICO'S conduct to constitute intentional interference with plaintiff's advantageous contractual relations and award Plaintiff damages in an amount of $1,000,000.00 or such amount of damages that are proved at trial.

WHEREFORE, ERLIKH respectfully prays that the Court find, GEICO'S conduct to be violative of NY GBL 349 and award Plaintiff damages in an amount of $1,000,000.00 or such amount of damages that are proved at trial as well as punative damages.

        The Counterclaim Plaintiff,

        RUSLAN ERLIKH
        155 Oceana Drive
        Brooklyn, NY 11235
        (718) 419-4468

Dated July 02, 2013