

WWW.RIVKINRADLER.COM

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

July 15, 2013

**By ECF**
Hon. Carol Bagley Amon
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:   Government Employees Ins. Co., et al. v. Hazel, et al.
           Docket No. CV 11-410 (CBA)(VMS)

Dear Judge Amon:

I write on behalf of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") to respectfully request a pre-motion conference in advance of a proposed motion pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 12(f) to strike the purported Counterclaims (the "Purported Counterclaims") that have been filed by pro se Defendant Ruslan Erlikh ("Mr. Erlikh") in this action or, in the alternative, to dismiss the Purported Counterclaims pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 9(b). Under the circumstances, Plaintiffs also request permission to seek sanctions against Mr. Erlikh pursuant to the Court's inherent power.

As a threshold matter, Mr. Erlikh's Purported Counterclaims are far out of time. Mr. Erlikh served his Answer in this action on about June 17, 2011. See Docket No. 30. Mr. Erlikh's Answer did not assert any counterclaims, and his time in which to amend his Answer so as to assert any counterclaims without written consent from Plaintiffs or permission of the Court expired almost two years ago, in July 2011. Mr. Erlikh failed to timely amend as of right, despite the fact that – at the time – he was represented by counsel. Furthermore, Mr. Erlikh's deadline in which to make a motion for leave to amend his Answer so as to assert counterclaims expired on October 12, 2012, almost nine months ago. See October 1, 2012 Minute Entry. Though Mr. Erlikh's time in which to assert the Purported Counterclaims expired long ago, whether as of right or pursuant to a motion for leave to amend his Answer, he nonetheless has filed the Proposed Counterclaims without obtaining leave of the Court. Accordingly, GEICO respectfully requests a pre-

926 RXR Plaza
Uniondale, NY  11556
T 516.357.3000
F 516.357.3333

555 Madison Avenue
New York, NY  10022
T 212.455.9555
212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601
T 201.287.2460
F 201.489.0495



Hon. Carol Bagley Amon
July 15, 2013
Page 2

motion conference in advance of a proposed motion to strike the untimely Purported Counterclaims pursuant to Rule 15 and 12(f).

In the alternative, GEICO proposes to seek dismissal of the Purported Counterclaims pursuant to Rules 12(b)(1), 12(b)(6), and 9(b), as the Purported Counterclaims are altogether defective and frivolous. To the extent that Mr. Erlikh's vague and conclusory Purported Counterclaims can be deciphered, he appears to allege that GEICO caused him some injury by commencing the present lawsuit, and then entering into a settlement with his erstwhile co-Defendant Eastchester Precision Medical, P.C. ("Eastchester"), which resulted in a money judgment against Eastchester that left Eastchester without sufficient financial resources to satisfy some unspecified contractual obligations to Mr. Erlikh. Based on these inchoate allegations, Mr. Erlikh asserts Purported Counterclaims for fraud, "intentional interference with advantageous contractual relations", and violation of N.Y. General Business Law § 349. However:

(i) Mr. Erlikh's Purported Counterclaim for fraud does not sufficiently identify any statements containing any misrepresentations or omissions, does not sufficiently identify the person or persons who made any such statements or who were responsible for any such omissions, does not sufficiently state where and when the statements or omissions occurred, does not sufficiently explain why the statements or omissions were fraudulent, does not sufficiently allege that anyone relied on any such statements or omissions, much less explain why any such reliance was reasonable, and does not sufficiently set forth any damages that proximately were caused by any such reliance.

(ii) Mr. Erlikh's Purported Counterclaim for "intentional interference with advantageous contractual relations" does not sufficiently allege malice, improper or illegal means amounting to an independent tort, the existence of a valid contract, or breach of any valid contract.

(iii) Mr. Erlikh's Purported Counterclaim for violation of N.Y. General Business Law § 349 fails to sufficiently allege consumer-oriented conduct, misleading conduct, or consequent injury.

(iv) Mr. Erlikh's Purported Counterclaims are foreclosed by the Noerr-Pennington doctrine, inasmuch as they clearly are predicated on GEICO's petitioning activity before this Court.

(v) Mr. Erlikh lacks the standing to assert his Purported Counterclaims, inasmuch as it appears that they are predicated on a contract between Eastchester and Mr. Erlikh's co-Defendant Precision Office Management, Inc. ("Precision"), rather than a contract between Eastchester and Mr. Erlikh, and in his Answer Mr. Erlikh affirmatively has denied any ownership interest in Precision.



Hon. Carol Bagley Amon
July 15, 2013
Page 3

---

In this context, it is worthwhile to note that Mr. Erlikh has demanded very broad and irrelevant discovery from GEICO in this action, and repeatedly has taken the position – in a Court filing and during a Court appearance shortly before he filed the Purported Counterclaims – that he needed the discovery in order to determine whether he had any valid counterclaims against GEICO in the first instance. However, GEICO timely objected to Mr. Erlikh's palpably improper discovery demands, and notes that it is well-settled that discovery is not appropriate to determine whether a party has a claim. See e.g., Bridgewater v. Taylor, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010)("As a general proposition, a litigant has to state a claim before he or she is entitled to discovery."); KBL Corp. v. Arnouts, 646 F. Supp. 2d 335, fn. 6 (S.D.N.Y. 2008)("Discovery is unwarranted where it would function as a fishing expedition for evidence in search of a theory that has yet to be asserted.")(Internal quotations and citation omitted); Am. Communs. Ass'n v. Ret. Plan for Emples. of RCA Corp. & Subsidiary Cos., 488 F. Supp. 479 (S.D.N.Y. 1980)("The discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made not to discover whether a claim exists."). Mr. Erlikh's decision to file the Purported Counterclaims, despite his apparent lack of any evidentiary support for the Purported Counterclaims, strongly suggests bad faith and vexatiousness. GEICO therefore proposes to seek sanctions pursuant to the Court's inherent power as a component of its motion to dismiss and/or to strike.

We appreciate the Court's attention to this matter.

                                Respectfully submitted,

                                RIVKIN RADLER LLP

                                */s/ Max Gershenoff*
                                Max Gershenoff (MG 4648)

cc:       All counsel via ECF