UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

GEICO,

Case No.: 11-cv-0410

Plaintiff

-against-

EDOVARD J. HAZEL, EASTCHESTER PRECISION MEDICAL, P.C., PRECISION OFFICE MANAGEMENT, INC., RUSLAN ERLIKH and ,

Defendants.

-----------------------------------------------------------

RUSLAN ERLIKH,

Counterclaim Plainitff

-against-

GEICO,

Counterclaim Defendants.

-----------------------------------------------------------X

**COUNTERCLAIM PLAINTIFF RUSLAN ERLIKH'S REPLY TO COUNTERCLAIM DEFENDNT GEICO'S OPPOSITION TO THE AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

This is an action brought by the Counterclaim Plaintiff RUSLAN ERLIKH (hereinafter "ERLIKH") against GEICO seeking monetary damages, including compensatory and punitive damages, as a result of GEICO's perpetration of fraud on the plaintiff in the above action as well as for GEICO's intentional interference with

plaintiff's advantageous contractual relations and violation of the New York General Business Law section 349.

## THE OPERATIVE FACTS

GEICO initiated the present lawsuit against the named Defendants in 2011 seeking to extinguish the claims filed against them by Eastchester Precision Medical, PC on a theory that the professional corporation was in fact secretly owned and controlled by me and my father and Precision Office Management Inc. GEICO also sued to be reimbursed any moneys they had paid in claims to Eastchester Precision Medical PC.

Since 2010 GEICO has filed forty six (46) cases seeking similar relief. The cases are as follows:

| | |
|---|---|
| GEICO v. Green | 10-cv-2671 |
| GEICO v. Ivy Med | 10-cv-3037 |
| GEICO v. One of the Best | 10-cv-4287 |
| GEICO v. Damien | 10-cv-5409 |
| GEICO v. Infinity Health | 10-cv-5611 |
| GEICO v. Koyfman | 10-cv-5869 |
| GEICO v. Hollis | 10-cv-3431 |
| GEICO v. Clearview | 10-cv-4286 |
| GEICO v. Yustis | 11-cv-0631 |
| GEICO v. Novacare | 11-cv-0861 |
| GEICO v. NHP Imaging | 11-cv-1166 |
| GEICO v. Uptown Health | 11-cv-1453 |
| GEICO v. Personal Touch | 11-cv-1493 |

| | |
|---|---|
| GEICO v. Village Medical | 11-cv-2863 |
| GEICO v. V&B | 11-cv-3147 |
| GEICO v.EZ Care | 11-cv-3148 |
| GEICO v.Razzakova | 11-cv-3247 |
| GEICO v.Usharov | 11-cv-3657 |
| GEICO v. Threeonix | 11-cv-3781 |
| GEICO v. Park Slope Med. | 11-cv-4028 |
| GEICO v. IAV Medical | 11-cv-4621 |
| GEICO v. Akpinar | 11-cv-4667 |
| GEICO v.Burshteyn | 11-cv-5084 |
| GEICO v.Dublin | 11-cv-4018 |
| GEICO v.Ave. I Medical | 11-cv-5795 |
| GEICO v. Khavko | 11-cv-5781 |
| GEICO v. Glassman | 11-cv-6061 |
| GEICO v. Grand Medical | 11-cv-5339 |
| GEICO v. Barakat | 12-cv-0070 |
| GEICO v. Bangy | 12-cv-0735 |
| GEICO v. Reyes | 12-cv-1953 |
| GEICO v. Infinity | 12-cv-2197 |
| GEICO v. Gateva | 12-cv-4236 |
| GEICO v. AMD Chiro | 12-cv-4295 |
| GEICO v. Excel Imaging | 12-cv-0273 |
| GEICO v. Five Boro | 12-cv-2448 |

| | |
|---|---|
| GEICO v.Li-Elle Service | 12-cv-2157 |
| GEICO v. BSZ Chiro | 12-cv-5536 |
| GEICO v. Soffer | 12-cv-5535 |
| GEICO v. Velocity Chiro | 13-cv-2791 |
| GEICO v.Salamone | 13-cv-2658 |
| GEICO v. Rodriguez | 13-cv-2498 |
| GEICO v. Weili-Li | 13-cv-2327 |
| GEICO v. Badia | 13-cv-1720 |
| GEICO v. Compas | 13-cv-1290 |
| GEICO v. Bedford Medical | 13-cv-0411 |

In many of these cases including the instant case as well as GEICO v. Hollis Medical, EDNY Case No. 10-cv-3431, Geico settled the case with the physician owner, who they claim does not in fact own the professional corporation which renders the corporation ineligible for purposes of claiming or collecting benefits under the no-fault regulations, takes a confession of judgment against the professional corporation for more money than was paid to GEICO in claims, and proceeds to collect on their judgment from claims paid by the other insurance companies.

In the Hollis case, GEICO went so far as to sell and assign its judgment back to the very management defendants they claim secretly owned and controlled the professional corporation.

In this case, GEICO entered into a nefarious agreement with Dr. Ciccimino, the successor owner to Dr. Hazel of the professional corporation. Upon information and

belief, GEICO entered into an Agreement between Bromer Medical, PC (a different PC owned by Dr. Ciccimino), John Sansone, a layperson alleged to secretly own and control Bromer Medical, and Dr. Ciccimino where by GEICO would agree not to sue Bromer, Sansone and Ciccimono provided Ciccimino waive the Eastchester Precision receivables and execute a Confession of Judgment in Geico's favor as well as execute a frivolous and totally false affidavit concerning his acquisition of the PC.

Dr. Ciccimino has no knowledge of any of the negotiations or contracts involved in the start up of the PC in this case. Nor is Dr. Ciccimino in possession of any knowledge concerning the delivery of radiology services by the PC.

I spent an enormous amount of time and effort creating and building the business and relationship for Precision Office Management and Eastchester Precision Medical PC. I am owed an enormous amount of money pursuant to the terms of the contracts between the parties, including money that was surreptitiously waived by Ciccimino or taken illegally by GEICO.

GEICO over the course of three years has engaged in a systematic pattern of fraud by utilizing their financial leverage to intimidate and bully small medical practices into waiving their medical receivables and assigning to GEICO money which GEICO is not, and knows it is not, entitled to.

GEICO enters into these secret agreements under the guise and false pretense of their "confidentiality agreements" and proceeds to collect on the receivables from other insurance carriers.

GEICO's strong-armed settlements with the professional corporations are fraudulent in many respects, both the PC (in this case Dr. Ciccimino) and GEICO both

make material misrepresentations and omissions both to the other insurance carriers, the Court as well as the people and companies who provided services to the PCs and are entitled to be paid what is owed to them, in this case me.

GEICO's conduct on entering into a bad faith and strong-armed settlement with Ciccimino and the PC constitute an intentional interference with my relationship with Precision Office Management Inc. and its relationship with the PC.

GEICO's conduct in utilizing its financial power and leverage in commencing and prosecuting the 46 civil rico cases has a dramatic and widespread effect on the automobile insurance industry in New York. It has a direct effect on policy holders, EIPs (Eligible Injured Persons under the auto policies), medical providers, support staff and companies for the professional corporations as well as other insurance carriers.

GEICO's conduct in the prosecution and settlement of these cases constitutes deceptive acts and practices in the conduct of their business.

These practices are of a continuing nature as they have systematically been done over a three year period and they are consumer oriented in as much as they have a direct affect on the availability and delivery of healthcare services to all persons insured by GEICO or injured in auto accidents involving a vehicle insured by GEICO.

**ARGUMENT**

GEICO argues in their opposition that the Counterclaims are barred by the Noerr Pennington Doctrine of Constitutional Immunity and the NY state law of immunity for statements made in connection with judicial proceedings.

GEICO also argues that the Counterclaim fails to adequately state a claim, that it is late, that I made admissions and that I have no standing to assert these counterclaims.

For the reasons set forth below, none of these arguments have merit and the Counterclaim should be allowed to stand.

*A. Noerr-Pennington Doctrine*

GEICO has misplaced reliance on this doctrine. I am not asserting these counterclaims based on their petitioning of the government. The fact that GEICO has abused the litigation process and engaged in settlements which result in GEICO collecting money from other insurance companies when the underlying allegations in all of the lawsuits are that the PCs were never entitled to collect any money from any insurance company is framework for their pattern of fraud.

GEICO is the largest provider of auto policies in the State of New York. Instead of relying on the normal claims process for the handling of medical claims arising from those policies, GEICO has systematically commenced dozens of federal civil rico cases against hundreds of individuals, medical professionals and professional corporations to leverage their economic weight to force professional corporations to waive their outstanding receivables and confess to judgments in GEICO's favor which GEICO then collects from other insurance companies.

The Noerr-Pennington Doctrine clearly does not anticipate nor bar this type of action. GEICO should not be permitted to hide behind the shield of a doctrine which intended to promote and preserve free speech under the first amendment. The Doctrine was only intended to protect against speech relating to anti-trust laws at the outset. Although it has been expanded to include other types of causes of action, it is by no means blanket immunity for all federal judicial proceedings.

*Sosa v. DIRECTV, Inc.*, 437 F.3d 932, 938 (9th Cir. 2006) speaks directly to the limitations of this doctrine. No circuit has adopted the doctrine to protect the type

of activity engaged in by GEICO. The application of the doctrine in Sosa was very different than the case before the court here.

*B. NY State Judicial Immunity*

Likewise, the conduct of GEICO as described by the Court is not the type of Activity protected by the NY law of judicial immunity. The New York immunity is limited to protection from actions based upon statements made in a judicial proceeding. That is not the case here and is readily apparent from a plain reading of the Counterclaim. *Marek* and the other New York decisions cited by GEICO demonstrate clearly that the allegations regarding GEICO's conduct does not stem from "statements" made by or on behalf of them but rather on their systematic misuse of their economic advantage.

*C. Failure to state a claim*

GEICO's arguments that the Counterclaim fails to state a claim is entirely without merit. The 3 counterclaims all sufficiently state a claim under either Rule 8 or 9 of the FRCP. There is more than sufficient notice for GEICO to understand what it is being accused of.

*D. The Counterclaim is Untimely*

The interests of justice a plainly served by allowing the Counterclaim to stand. I am asserting rights which are within the applicable statutes of limitation, effectively demonstrate a pervasive pattern of misconduct by GEICO and do not prejudice them in any way. GEICO has previously stated in their motion papers that there would be no prejudice to be if they are able to voluntarily dismiss the case against me because although time has passed the case is still not far into discovery. Hey cannot have it both ways.

*E. Admissions*

It is ludicrous to say that I ever admitted that I do not have claims against GEICO. The

only statement GEICO relies on to make this outrageous argument is that I said I needed my requested discovery (which GEICO has been fighting so hard to avoid producing) to determine whether I have certain claims against GEICO. The documents I have been seeking for so long may support these claims or other claims that I am not aware of, but I certainly NEVER represented that I did not have claims against GEICO.

*F. Standing*

GEICO's argument that I have no standing is another preposterous and illusory position. I certainly have the right to both complain of GEICO's conduct nd prove my damages in connection therewith. GEICO's arguments are based on unsupported facts which were not adduced in discovery or supported by any actual basis. What happened in a bankruptcy proceeding has no place here and may claims have nothing to do with that proceeding.

WHEREFORE, ERLIKH respectfully prays that the Court allow the Counterclaim to stand and order that Geico answer the Complaint or such other and further relief as the Court deems just and fair.

The Counterclaim Plaintiff,

RUSLAN ERLIKH
155 Oceana Drive
Brooklyn, NY 11235
(718) 419-4468
rerlikh@gmail.com

Dated September 26, 2013