UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2014 ★
BROOKLYN OFFICE

-----------------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE CO.; GEICO INDEMNITY
CO.; GEICO GENERAL INSURANCE
COMPANY; and GEICO CASUALTY CO.,

           Plaintiffs,

  -against-

EDOVARD J. HAZEL; EASTCHESTER
PRECISION MEDICAL, P.C.; PRECISION
OFFICE MANAGEMENT, INC.; IGOR
ERLIKH; RUSLAN ERLIKH; and JOHN
DOE ONE THROUGH JOHN DOE FIVE,

           Defendants.
-----------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-0410 (CBA)(VMS)

**AMON, Chief United States District Judge.**

On January 27, 2011, plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO") brought this action against defendants Dr. Edovard J. Hazel ("Dr. Hazel"), Eastchester Precision Medical, P.C. ("Eastchester"), Precision Office Management, Inc., ("Precision"), Igor Erlikh, and Ruslan Erlikh (collectively "the Erlikhs"), and John Does One through Five. (See Compl., Docket Entry ("D.E.") # 1.) The complaint generally alleges that Precision and the Erlikhs (collectively, "the Management Defendants"), who are not licensed to practice medicine, owned Eastchester but recruited Dr. Hazel to falsely represent on Eastchester's certificate of incorporation that he was the owner of Eastchester, in order to obtain permission for Eastchester to engage in the practice of medicine. (Compl. ¶¶ 3, 7-11, 26-28.) GEICO alleges that the Management Defendants used Eastchester as a vehicle to submit fraudulent no-fault insurance billing to GEICO, resulting in GEICO's payment of $117,000.00 for allegedly fraudulent charges, and an additional $922,000.00 in allegedly fraudulent billing

1

that GEICO refused to pay. (Compl. ¶¶ 1, 3.) GEICO sought to recover the $117,000.00 that defendants received from GEICO, and sought a declaratory judgment that GEICO was not obligated to pay Eastchester the $922,000.00 in allegedly fraudulent claims. (Compl. ¶ 1.) On April 24, 2012, GEICO settled the claims against Eastchester for $550,000.00 on the basis of an agreement between GEICO and Dr. Albert Ciancimino, the then-owner of record of Eastchester. (D.E. # 51, 52.)

On March 1, 2013, GEICO filed a motion to dismiss the claims against the Erlikhs without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)") because GEICO had already obtained a favorable settlement from Eastchester, and the Erlikhs had represented to GEICO that they were insolvent. (D.E. # 93.) Ruslan Erlikh opposed the motion to dismiss and argued that, in the event the motion to dismiss was granted, GEICO should be required to provide Erlikh with his previously requested discovery as well as attorney's fees. (D.E. # 101.) The Court referred GEICO's motion to Magistrate Judge Vera M. Scanlon for report and recommendation.

Magistrate Judge Scanlon heard oral argument on GEICO's motion to dismiss on June 6, 2013. During oral argument, Ruslan Erlikh made various allegations that GEICO fraudulently brought civil actions similar to the instant case in order to avoid paying claims, and then obtained settlements by "threaten[ing] and extort[ing]" the physicians. (June 6, 2013 Tr., D.E. # 102 at 3-5, 44.) In response, Magistrate Judge Scanlon noted that Ruslan Erlikh had not set forth any counterclaims on this basis and, as such, was not in a position to pursue the relief he sought. (Id. at 9-10.) GEICO requested that, if Magistrate Judge Scanlon were to consider proposed counterclaims made by Ruslan Erlikh, GEICO's motion to dismiss be held in abeyance pending disposition of the motion to amend Erlikh's answer to include counterclaims. (Id. at 46.)

2

GEICO further indicated that if Magistrate Judge Scanlon denied Erlikh leave to amend the answer, GEICO would once again argue to dismiss the claims against the Erlikhs. (Id. at 47-48.)

Ruslan Erlikh subsequently filed an amended answer including proposed counterclaims for fraud, tortious interference with a contract, and violation of New York General Business Law § 349. (D.E. # 106.) The Court referred this matter to Magistrate Judge Scanlon for report and recommendation. Magistrate Judge Scanlon construed Erlikh's amended answer as a constructive motion for leave to amend the Erlikhs' answer to include counterclaims and requested further briefing from GEICO and the Erlikhs.

On August 11, 2014, Magistrate Judge Scanlon issued a Report and Recommendation ("R&R") recommending that the Court deny Erlikh's motion to amend his answer to include the proposed counterclaims. (R&R at 12-36.) The R&R further recommends that, in the event this Court denies Erlikh's motion for leave to amend his counterclaims, the Court grant GEICO's motion to dismiss the claims against the Erlikhs pursuant to Rule 41(a)(2). (R&R 47.) Magistrate Judge Scanlon considered the merits of GEICO's motion to dismiss because although GEICO requested that the fully briefed motion to dismiss be held in abeyance during consideration of Erlikh's proposed counterclaims, GEICO indicated that it would continue to seek dismissal if Erlikh's request to assert counterclaims was denied. (R&R at 41.) Finally, the R&R recommends that the Court deny Erlikh's request for discovery and attorney's fees. (R&R at 48.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made,

"a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and finds no clear error in Magistrate Judge Scanlon's recommendations that the Court (1) deny Erlikh's motion for leave to amend his answer,[1] (2) grant GEICO's motion to dismiss the claims against the Erlikhs pursuant to Rule 41(a)(2), and (3) deny Erlikh's request for discovery and attorney's fees. Accordingly, Erlikh's motion to amend his answer is denied and GEICO's claims against the Erlikhs are dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
September 12, 2014

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[1] The Court finds that there is sufficient reason to deny Erlikh's motion to amend his answer to include counterclaims based on his undue delay in seeking to amend the answer and the fact that, in any event, the amendment would be futile because he has failed to set forth sufficient facts to support his proposed counterclaims. The Court therefore does not rely on that part of the R&R discussing whether Erlikh's proposed counterclaims are barred by the Noerr-Pennington doctrine. (R&R at 29-36.)

4